# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Teng Moua, Juan Martinez, Cheri Martinez, Kua
Vang Xiong, Maiku Thao, Cherpao Yang, Bee Vang,
Vang Pao Moua, Mailou Xiong Yang, Vangxue
Yang, Eng Thao, Choua Moua, Meshack Balira,
Ferdinand Nyambarya, VMS Inc., Richard Chang,
Lee Wong Chang, Khonekham Dejvongsa, Nouphet
Dejvongsa, Diego Cortez Dominguez, Mohamud
Egal, Mohamed Osable, Hussein Osable, Ifran
Jimale, Layla Jimale, Mohamed Jimale, Paul Bel
George, Chue Hang, Tong Thao Hang, Rexhep
Krasniqi, Tou Lor, Mai Moua Vue, Arif Metushi, Wa
Her Moua, Mee Yang, John Schroeder, Judy
Schroeder, Berhane Tesfai, Dual Cykao Thao, Xong       No. 08-CV-4942 (RHK/JSM)
Thao Yang, Kou Thao, Yang Xiong, Kevin Vilavong,
Chong Xiong, Ko S. Xiong, Blia Yang, Ying Cheng,
Chang Yang, Choua Lor, Mai Blia Yang, Pang Yang,
Lue Her, for themselves and all other persons
similarly situated as franchisees of Jani-King of
Minnesota, Inc. and Jani-King International, Inc,

        Plaintiffs,

v.

Jani-King of Minnesota, Inc., a Texas Corporation,
Jani-King International, Inc., a Texas Corporation,
George Selman, a Minnesota resident, and Steve
Schmidt, a Minnesota resident.,

        Defendants.

## ANSWER OF DEFENDANTS JANI-KING OF MINNESOTA, INC., JANI-KING INTERNATIONAL, INC., GEORGE SELMAN, AND STEVE SCHMIDT

Defendants Jani-King of Minnesota, Inc., Jani-King International, Inc., George Selman, and Steve Schmidt (collectively "Defendants"), for their Answer to the Complaint in this action, state with personal knowledge as to their own actions, and otherwise upon information and belief, as follows:

Except as expressly admitted, qualified, or otherwise answered herein, the Defendants deny each and every allegation and statement contained in the Complaint.

Defendants deny the allegations in the unnumbered paragraphs in the introduction.

1.     As to the allegations in paragraph 1, Defendants lack sufficient knowledge or information to form a belief as to the residence of Teng Moua and thus deny the same. Defendants admit that Teng Moua performed cleaning services for JANI-KING® accounts and affirmatively state that he did so as a JANI-KING® franchisee.  Defendants admit that Teng Moua purchased a franchise from Jani-King of Minnesota, Inc. in late 2004 but deny that he purchased a franchise from any other defendants in late 2004 and deny that he purchased a franchise from any defendants in mid 2005.  Defendants admit the remaining allegations in paragraph 1.

2.     As to the allegations in paragraph 2, Defendants lack sufficient knowledge or information to form a belief as to the residence of Juan M. Martinez or his relationship to Cheri Martinez and thus deny the same.  Defendants admit that Juan Martinez performed cleaning services for JANI-KING® accounts and affirmatively state that he did so as a JANI-KING® franchisee.  Defendants admit that Juan Martinez purchased a franchise from Jani-King of Minnesota, Inc. but deny that he purchased a franchise from any other defendants. Defendants admit the remaining allegations in paragraph 2.

2

3.     As to the allegations in paragraph 3, Defendants lack sufficient knowledge or information to form a belief as to the residence of Kua Vang Xiong and Maiku Thao and thus deny the same.  Defendants admit that Kua Vang Xiong and Maiku Thao performed cleaning services for JANI-KING® accounts and affirmatively state that they did so as a JANI-KING® franchisee.  Defendants admit that Kua Vang Xiong and Maiku Thao purchased a franchise from Jani-King of Minnesota, Inc. but deny that they purchased a franchise from any other defendants.  Defendants admit the remaining allegations in paragraph 3.

4.     As to the allegations in paragraph 4, Defendants lack sufficient knowledge or information to form a belief as to the residence of Cherpao Yang and thus deny the same. Defendants admit that Cherpao Yang performed cleaning services for JANI-KING® accounts and affirmatively state that he did so as a JANI-KING® franchisee.  Defendants admit that Cherpao Yang purchased a franchise from Jani-King of Minnesota, Inc. but deny that he purchased a franchise from any other defendants.  Defendants admit the remaining allegations in paragraph 4.

5.     As to the allegations in paragraph 5, Defendants lack sufficient knowledge or information to form a belief as to the residence of Bee Vang and Vang Pao Moua and thus deny the same.  Defendants admit that Bee Vang and Vang Pao Moua performed cleaning services for JANI-KING® accounts and affirmatively state that they did so as a JANI-KING® franchisee.  Defendants admit that Bee Vang and Vang Pao Moua purchased a franchise from Jani-King of Minnesota, Inc. but deny that they purchased a franchise from any other defendants.  Defendants admit the remaining allegations in paragraph 5.

6.     As to the allegations in paragraph 6, Defendants lack sufficient knowledge or information to form a belief as to the residence of Mailou Yang and thus deny the same. Defendants admit that Mailou Yang performed cleaning services for JANI-KING® accounts and affirmatively state that she did so as a JANI-KING® franchisee.  Defendants admit that Mailou Yang purchased a franchise from Jani-King of Minnesota, Inc. in or about 2000 but deny that she purchased a franchise from any other defendants in or about 2000 and deny that she purchased franchises from any defendants in 2002 or 2005.  Defendants admit the remaining allegations in paragraph 6.

7.     As to the allegations in paragraph 7, Defendants lack sufficient knowledge or information to form a belief as to the residence of Eng Thao and Choua Mona and thus deny the same.  Defendants admit that Eng Thao and Choua Mona performed cleaning services for JANI-KING® accounts and affirmatively state that they did so as a JANI-KING® franchisee.  Defendants admit that Eng Thao and Choua Mona purchased a franchise from Jani-King of Minnesota, Inc. but deny that they purchased a franchise from any other defendants.  Defendants admit the remaining allegations in paragraph 7.

8.     As to the allegations in paragraph 8, Defendants lack sufficient knowledge or information to form a belief as to the residence of Meshack Balira and Ferdinand Nyambarya and thus deny the same.  With respect to the second sentence of paragraph 8, Defendants admit that Meshak Balira and Ferdinand Nyambarya are the owners of Victoria Holdings, Inc., which is a JANI-KING® franchise formed in October 1999.  Defendants admit that Meshack Balira and Ferdinand Nyambarya purchased a franchise from Jani-King of Minnesota, Inc. but deny that they purchased a franchise from any other defendants. Defendants deny the remaining allegations in paragraph 8.

4

9.   As to the allegations in paragraph 9, Defendants lack sufficient knowledge or information to form a belief as to the residence of Richard Chang and Lee Wong Chang and thus deny the same.  With respect to the third sentence of paragraph 9, Defendants admit that Richard Chang and Lee Wong Chang purchased a franchise from Jani-King of Minnesota, Inc. in 2005 but deny that they purchased a franchise from any other defendants.  Defendants admit that Richard Chang and Lee Wong Chang performed cleaning services for JANI-KING® accounts and affirmatively state that they did so as a JANI-KING® franchisee.  Defendants admit the remaining allegations in paragraph 9.

10.   As to the allegations in paragraph 10, Defendants lack sufficient knowledge or information to form a belief as to the residence of Khonekham Dejvongsa and Nouphet Dejvongsa and thus deny the same.  Defendants admit that Khonekham Dejvongsa and Nouphet Dejvongsa performed cleaning services for JANI-KING® accounts and affirmatively state that they did so as a JANI-KING® franchisee.  Defendants admit that Khonekham Dejvongsa and Nouphet Dejvongsa purchased a franchise from Jani-King of Minnesota, Inc. but deny that they purchased a franchise from any other defendants.  Defendants admit the remaining allegations in paragraph 10.

11.   As to the allegations in paragraph 11, Defendants lack sufficient knowledge or information to form a belief as to the residence of Diego Cortez Dominguez and thus deny the same.  Defendants admit that Diego Cortez Dominguez performed cleaning services for JANI-KING® accounts and affirmatively state that he did so as a JANI-KING® franchisee.  Defendants admit that Diego Cortez Dominguez purchased a franchise from Jani-King of

Minnesota, Inc. but deny that he purchased a franchise from any other defendants.
Defendants admit the remaining allegations in paragraph 11.

12.   As to the allegations in paragraph 12, Defendants lack sufficient knowledge or information to form a belief as to the residence of Mohamud Egal, Mohamed Osable, Hussein Osable, Ifran Jimale, Layla Jimale, and Mohamed Jimale and thus deny the same. Defendants admit that Mohamud Egal, Mohamed Osable, Hussein Osable, Ifran Jimale, Layla Jimale, and Mohamed Jimale performed cleaning services for JANI-KING® accounts and affirmatively state that they did so as a JANI-KING® franchisee.  Defendants admit that Mohamud Egal, Mohamed Osable, Hussein Osable, Ifran Jimale, Layla Jimale, and Mohamed Jimale purchased a franchise from Jani-King of Minnesota, Inc. but deny that they purchased a franchise from any other defendants and deny that the franchise was purchased in or about April 2001.  Defendants admit the remaining allegations in paragraph 12.

13.   As to the allegations in paragraph 13, Defendants lack sufficient knowledge or information to form a belief as to the residence of Paul Bel George and thus deny the same. Defendants admit that Paul Bel George performed cleaning services for JANI-KING® accounts and affirmatively state that he did so as a JANI-KING® franchisee.  Defendants admit that Paul Bel George purchased a franchise from Jani-King of Minnesota, Inc. but deny that he purchased a franchise from any other defendants.  Defendants admit the remaining allegations in paragraph 13.

14.   As to the allegations in paragraph 14, Defendants lack sufficient knowledge or information to form a belief as to the residence of Rexhep Krasniqi and thus deny the same. Defendants admit that Rexhep Krasniqi performed cleaning services for JANI-KING®

accounts and affirmatively state that he did so as a JANI-KING® franchisee.  Defendants

deny the remaining allegations in paragraph 14.

15.   As to the allegations in paragraph 15, Defendants lack sufficient knowledge or

information to form a belief as to the residence of Tou Lor and Mai Moua Vue and thus deny

the same.  Defendants admit that Tou Lor and Mai Moua Vue performed cleaning services

for JANI-KING® accounts and affirmatively state that they did so as a JANI-KING®

franchisee.  Defendants admit that Tou Lor and Mai Moua Vue purchased a franchise from

Jani-King of Minnesota, Inc. but deny that they purchased a franchise from any other

defendants.  Defendants admit the remaining allegations in paragraph 15.

16.   As to the allegations in paragraph 16, Defendants lack sufficient knowledge or

information to form a belief as to the residence of Arif Metushi and thus deny the same.

Defendants admit that Arif Metushi purchased a franchise from Jani-King of Minnesota, Inc.

but deny that he purchased a franchise from any other defendants.  Defendants deny the

remaining allegations in paragraph 16.

17.   As to the allegations in paragraph 17, Defendants lack sufficient knowledge or

information to form a belief as to the residence of Wa Her Moua and Mee Yang and thus

deny the same.  As to the allegations in the second sentence of paragraph 17, Defendants

admit that Wa Her Moua and Mee Yang performed cleaning services for JANI-KING®

accounts and affirmatively state that they did so as a JANI-KING® franchisee but deny that

they serviced accounts in Hennepin County.  Defendants admit that Wa Her Moua and Mee

Yang purchased a franchise from Jani-King of Minnesota, Inc. but deny that they purchased

a franchise from any other defendants.  Defendants admit the remaining allegations in paragraph 17.

18.   As to the allegations in paragraph 18, Defendants lack sufficient knowledge or information to form a belief as to the residence of John Schroeder and Judy Schroeder and thus deny the same.  Defendants admit that John Schroeder and Judy Schroeder performed cleaning services for JANI-KING® accounts and affirmatively state that they did so as a JANI-KING® franchisee.  Defendants admit that John Schroeder and Judy Schroeder purchased a franchise from Jani-King of Minnesota, Inc. but deny that they purchased a franchise from any other defendants.  Defendants admit the remaining allegations in paragraph 18.

19.   As to the allegations in paragraph 19, Defendants lack sufficient knowledge or information to form a belief as to the residence of Berhane Tesfai and thus deny the same. Defendants admit that Berhane Tesfai performed cleaning services for JANI-KING® accounts and affirmatively state that he did so as a JANI-KING® franchisee.  Defendants admit that Berhane Tesfai purchased a franchise from Jani-King of Minnesota, Inc. but deny that he purchased a franchise from any other defendants.  Defendants admit the remaining allegations in paragraph 19.

20.   As to the allegations in paragraph 20, Defendants lack sufficient knowledge or information to form a belief as to the residence of Dual Cykao Thao and Xong Thao Yang and thus deny the same.  Defendants admit that Dual Cykao Thao and Xong Thao Yang performed cleaning services for JANI-KING® accounts and affirmatively state that they did so as a JANI-KING® franchisee.  Defendants admit that Dual Cykao Thao and Xong Thao Yang purchased a franchise from Jani-King of Minnesota, Inc. but deny that they purchased

a franchise from any other defendants.  Defendants admit the remaining allegations in paragraph 20.

21.   As to the allegations in paragraph 21, Defendants lack sufficient knowledge or information to form a belief as to the residence of Kou Thao and Yang Xiong and thus deny the same.  Defendants admit that Kou Thao and Yang Xiong purchased a franchise from Jani-King of Minnesota, Inc. but deny that they purchased a franchise from any other defendants.  Defendants deny the remaining allegations in paragraph 21.

22.   As to the allegations in paragraph 22, Defendants lack sufficient knowledge or information to form a belief as to the residence of Kevin Vilavong and thus deny the same. Defendants admit that Kevin Vilavong performed cleaning services for JANI-KING® accounts and affirmatively state that he did so as a JANI-KING® franchisee.  Defendants admit that Kevin Vilavong purchased a franchise from Jani-King of Minnesota, Inc. but deny that he purchased a franchise from any other defendants.  Defendants admit the remaining allegations in paragraph 22.

23.   As to the allegations in paragraph 23, Defendants lack sufficient knowledge or information to form a belief as to the residence of Ko S. Xiong and thus deny the same. Defendants admit that Ko S. Xiong performed cleaning services for JANI-KING® accounts and affirmatively state that he did so as a JANI-KING® franchisee.  Defendants admit that Ko S. Xiong purchased a franchise from Jani-King of Minnesota, Inc. but deny that he purchased a franchise from any other defendants.  Defendants admit the remaining allegations in paragraph 23.

24.   As to the allegations in paragraph 24, Defendants lack sufficient knowledge or information to form a belief as to the residence of Chong Xiong and thus deny the same. Defendants admit that Chong Xiong performed cleaning services for JANI-KING® accounts and affirmatively state that he did so as a JANI-KING® franchisee.  Defendants admit that Chong Xiong purchased a franchise from Jani-King of Minnesota, Inc. but deny that he purchased a franchise from any other defendants.  Defendants admit the remaining allegations in paragraph 24.

25.   As to the allegations in paragraph 25, Defendants lack sufficient knowledge or information to form a belief as to the residence of Blia Yang and Ying Cheng and thus deny the same.  Defendants admit that Blia Yang and Ying Cheng performed cleaning services for JANI-KING® accounts and affirmatively state that they did so as a JANI-KING® franchisee.  Defendants admit that Blia Yang and Ying Cheng purchased a franchise from Jani-King of Minnesota, Inc. but deny that they purchased a franchise from any other defendants.  Defendants admit the remaining allegations in paragraph 25.

26.   As to the allegations in paragraph 26, Defendants lack sufficient knowledge or information to form a belief as to the residence of Chang Yang and Choua Lor and thus deny the same.  Defendants admit that Chang Yang and Choua Lor performed cleaning services for JANI-KING® accounts and affirmatively state that they did so as a JANI-KING® franchisee.  Defendants admit the allegation in the third sentence of paragraph 26 that Chang Yang and Choua Lor purchased a franchise from Jani-King of Minnesota, Inc. but deny that they purchased a franchise from any other defendants.  Defendants admit the remaining allegations in paragraph 26.

27.   As to the allegations in paragraph 27, Defendants lack sufficient knowledge or information to form a belief as to the residence of Mai Blia Yang and thus deny the same. Defendants admit that Mai Blia Yang performed cleaning services for JANI-KING® accounts and affirmatively state that she did so as a JANI-KING® franchisee.  Defendants admit that Mai Blia Yang purchased a franchise from Jani-King of Minnesota, Inc. but deny that she purchased a franchise from any other defendants.  Defendants admit the remaining allegations in paragraph 27.

28.   As to the allegations in paragraph 28, Defendants lack sufficient knowledge or information to form a belief as to the residence of Pang Yang and Lue Her and thus deny the same.  Defendants admit that Pang Yang and Lue Her performed cleaning services for JANI-KING® accounts and affirmatively state that they did so as a JANI-KING® franchisee. Defendants admit that Pang Yang and Lue Her purchased a franchise from Jani-King of Minnesota, Inc. but deny that they purchased a franchise from any other defendants. Defendants admit the remaining allegations in paragraph 28.

29.   Defendants deny the allegations of paragraph 29.

30.   Defendants admit that they are aware of and have information concerning the particular dates of certain Plaintiffs' franchise sales/purchases, training and account offerings/cancellations.  Defendants deny the remaining allegations in paragraph 30.

31.   Defendants admit the allegations in paragraph 31.

32.   Defendants admit that Defendant Jani-King International, Inc. is a Texas corporation with its principal place of business in Addison, Texas.  Defendants admit that Defendant Jani-King International, Inc. consents to this Court's personal jurisdiction over it

solely for purposes of this litigation.  Defendants deny the remaining allegations in paragraph 32.

33.   Defendants admit the allegations in paragraph 33.

34.   Defendants admit the first sentence of paragraph 34.  Defendants deny the remaining allegations contained in paragraph 34.

35.   Defendants admit the first sentence of paragraph 35.  Defendants deny the remaining allegations contained in paragraph 35.

36.   With respect to the allegations in paragraph 36, Defendants admit that Plaintiffs have repudiated any claim under federal law and are therefore precluded from later asserting any such claim.

37.   With respect to the allegations in paragraph 37, Defendants admit that venue is proper in this Court.

38.   Defendants admit that Plaintiffs seek to bring this litigation as a class action but deny that a class action is proper.

39.   Defendants deny the allegations contained in paragraph 39.

40.   Defendants deny the allegations contained in paragraph 40.

41.   Defendants deny the allegations contained in paragraph 41.

42.   Defendants deny the allegations contained in paragraph 42.

43.   Defendants deny the allegations contained in paragraph 43.

44.   Defendants deny the allegations contained in paragraph 44.

45.   Defendants deny the allegations of the first sentence of paragraph 45.  With respect to the allegations in the second sentence, Defendants admit Plaintiffs are or were franchise owners but deny that a class exists.

46.   With respect to the first sentence of paragraph 46, Defendants admit that at all times relevant Jani-King of Minnesota, Inc., has complied with the registration requirements of the state of Minnesota and has therefore been authorized to sell franchises to Minnesota residents and further admits that Jani-King of Minnesota, Inc., along with its franchisees, solicits and services customer cleaning accounts in various parts of Minnesota, but denies the remaining allegations of the first sentence of paragraph 46.  Defendants admit the remaining allegations in paragraph 46.

47.   Defendants deny the allegations in paragraph 47.

48.   Defendants deny the allegations in paragraph 48.

49.   Defendants deny the allegations in paragraph 49.

50.   Defendants deny the allegations in paragraph 50.

51.   With respect to the allegations of paragraph 51, Defendants admit that franchise agreements Jani-King of Minnesota, Inc. enters into with franchise owners are written in English and that Defendants do not provide copies of the franchise agreements in other languages.  Defendants deny the remaining allegations in paragraph 51.

52.   With respect to the allegations of paragraph 52, Defendants admit that franchise agreements Jani-King of Minnesota, Inc. enters into with franchise owners are written in English and that Defendants do not provide copies of the franchise agreements in other languages.  Defendants lack sufficient knowledge or information to form a belief as to

the fluency in English of the Plaintiffs and putative class members and thus deny those allegations. Defendants deny the remaining allegations contained in paragraph 52.

53.   Defendants deny the allegations in paragraph 53.

54.   Defendants admit that Jani King of Minnesota, Inc. uses a standard form of franchise agreement and affirmatively states that it does not negotiate special terms for individual franchisees. Defendants deny the remaining allegations in paragraph 54.

55.   With respect to the allegations in paragraph 55, Defendants admit that franchise owners pay a franchise fee as part of their contractual obligation to Jani-King of Minnesota, Inc.. Defendants deny the remaining allegations in paragraph 55.

56.   Defendants deny the allegations in paragraph 56.

57.   Defendants deny the allegations in paragraph 57.

58.   Defendants deny the allegations in paragraph 58.

59.   Defendants deny the allegations in paragraph 59.

60.   Defendants admit that the franchise agreements routinely state that the "territory" for the Plaintiffs' franchises are "Anoka, Benton, Carver, Dakota, Fillmore, Hennepin, Olmsted, Ramsey, Rice, Scott, Sherburne, Stearns, Washington and Wright Counties." Defendants deny the remaining allegations in paragraph 60.

61.   Defendants deny the allegations in paragraph 61.

62.   Defendants admit that Jani-King of Minnesota, Inc. has sometimes left a voicemail message for Plaintiffs concerning a possible new account/customer. Defendants deny the remaining allegations in paragraph 62.

63.   With respect to the allegations in paragraph 63, Defendants admit that franchise owners are not allowed to walk through or inspect an account before making a

decision to decline or accept that account.  Defendants also admit that franchise owners are sometimes required to accept or decline an offer of business in a short period of time. Defendants deny the remaining allegations in paragraph 63.

64.   Defendants deny the allegations in paragraph 64.

65.   Defendants deny the allegations in paragraph 65.

66.   Defendants admit that at times, Jani-King of Minnesota, Inc. operations managers will conduct inspections of customer accounts.  Defendants deny the remaining allegations in paragraph 66.

67.   Defendants admit that the franchise agreement provides or comments on some level of support from Jani-King of Minnesota, Inc. to franchisees.  Defendants deny the remaining allegations in paragraph 67.

68.   Defendants deny the allegations in paragraph 68.

69.   Defendants deny the allegations in paragraph 69.

70.   Defendants deny the allegations in paragraph 70.

71.   Defendants deny the allegations in paragraph 71.

72.   Defendants deny the allegations in paragraph 72.

73.   With respect to the allegations in paragraph 73, Defendants admit that, under certain circumstances, franchise owners have a contractual obligation to pay modest fees when a franchise owner solicits a new account when Jani-King of Minnesota, Inc. provides assistance in procuring the account.  Defendants deny the remaining allegations in paragraph 73.

74.   Defendants deny the allegations in paragraph 74.

75.   Defendants deny the allegations in paragraph 75.

76.   With respect to the allegations in paragraph 76, Defendants admit that Teng Moua purchased a franchise from Jani-King of Minnesota, Inc.  Defendants admit that Teng Moua paid $18,050 for said franchise.  Defendants admit that Teng Moua purchased a second franchise from Khoua Lord.  Defendants deny the remaining allegations in paragraph 76.

77.   Defendants admit the allegations in the first sentence of paragraph 77.  With respect to the allegations in the second sentence of paragraph 77, Defendants admit that franchisees sometimes provide written information as to the geographic areas in which they prefer to work.  Defendants deny the remaining allegations in paragraph 77.

78.   With respect to the allegations in paragraph 78, Defendants admit that Teng Moua was notified when Jani-King of Minnesota, Inc. had satisfied its initial business offering obligation.  Defendants deny the remaining allegations in paragraph 78.

79.   With respect to the allegations in paragraph 79, Defendants admit Teng Moua was provided with notes corroborating that Jani-King of Minnesota, Inc. had satisfied its initial business offering obligation.  Defendants deny the remaining allegations in paragraph 79.

80.   With respect to the allegations in paragraph 80, Defendants admit Mike Moriarty inspected the Logan Real Estate Group account.  Defendants deny the remaining allegations in paragraph 80.

81.   Defendants deny the allegations in paragraph 81.

82.   With respect to the allegations in paragraph 82, Defendants are without sufficient information or knowledge to form a belief as to how Teng Moua allegedly "felt." Defendants deny the remaining allegations in paragraph 82.

83.   With respect to the allegations in paragraph 83, Defendants admit that Jani-King of Minnesota, Inc. keeps track of the dates by which it has agreed to satisfy the initial business offering obligation described in franchise agreements.  Defendants deny the remaining allegations in paragraph 83.

84.   With respect to the allegations in paragraph 84, Defendants admit that Juan and Cheri Martinez purchased a franchise from Jani-King of Minnesota, Inc. on or about March 30, 2005.  Defendants admit that the Martinezes paid $6,000 for said franchise. Defendants deny the remaining allegations in paragraph 84.

85.   Defendants admit the allegations in the first sentence of paragraph 85.  With respect to the allegations in the second sentence of paragraph 85, Defendants admit that franchisees sometimes provide written information as to the geographic areas in which they prefer to work.  Defendants deny the remaining allegations in paragraph 85.

86.   With respect to the allegations in paragraph 86, Defendants admit the first sentence.  Defendants admit the second and third sentences insofar as they state that the LSI account billings were $1,839 per month and the Black Box account billings were $1,506 per month.  Defendants deny the remaining allegations in the second and third sentences.

87.   With respect to the allegations in paragraph 87, Defendants admit that the Martinezes accepted the right to provide service to the Black Box and LSI Corporation accounts in October 2005.  Defendants are without sufficient information or knowledge to form a belief as to the truth or falsity of the allegation regarding the amount of time the Martinezes spent cleaning said accounts and therefore deny the same.  Defendants deny the remaining allegations in paragraph 87.

88.   Defendants admit the allegation in the first sentence of paragraph 88 that Jani-King of Minnesota, Inc. offered the Martinezes the right to provide service to the JDS Marketing account.  Defendants deny the remaining allegations in paragraph 88.

89.   Defendants admit the allegations in the first sentence of paragraph 89. Defendants deny the remaining allegations in paragraph 89.

90.   Defendants deny the allegations in paragraph 90.

91.   Defendants deny the allegations in paragraph 91.

92.   Defendants are without sufficient information or knowledge to form a belief as to the truth or falsity of any allegations regarding the Martinezes' state of mind and therefore deny the same.  Defendants deny the remaining allegations in paragraph 92.

93.   With respect to the allegations in paragraph 93, Defendants admit Kua Vang Xiong and Maiku Thao purchased a franchise from Jani-King of Minnesota, Inc. on or about March 29, 2005.  Defendants admit that Kua Vang Xiong and Maiku Thao paid $20,800 for said franchise.  Defendants deny the remaining allegations in paragraph 93.

94.   Defendants admit the allegations in the first sentence of paragraph 94.  With respect to the allegations in the second sentence of paragraph 94, Defendants admit that franchisees sometimes provide written information as to the geographic areas in which they prefer to work.  Defendants deny the remaining allegations in paragraph 94.

95.   Defendants admit the allegations in the first sentence of paragraph 95 insofar as Plaintiffs allege no business referrals had been offered to Kua and Maiku by July 2005. Defendants are without sufficient information or knowledge to form a belief as to the truth or falsity of any allegations regarding Kua and Maiku's interactions with Sue Swenson and therefore deny the same.  Defendants are without sufficient information or knowledge to

form a belief as to the truth or falsity of any allegations regarding Kua and Maiku's states of mind and therefore deny the same.  Defendants deny the remaining allegations in paragraph 95.

96.   With respect to the allegations in paragraph 96, Defendants are without sufficient information or knowledge to form a belief as to the truth or falsity of any allegations regarding Kua and Maiku's interactions with Dan Czek and therefore deny the same.  Defendants are without sufficient information or knowledge to form a belief as to the truth or falsity of any allegations regarding Kua and Maiku's states of mind and therefore deny the same.  Defendants deny the remaining allegations in paragraph 96.

97.   With respect to the allegations in paragraph 97, Defendants admit that Kua and Maiku accepted the right to provide service to the St. John's Lutheran Church account, which is a daycare.  Defendants are without sufficient information or knowledge to form a belief as to the truth or falsity of any allegations regarding the time Kua and Maiku spent cleaning this account and therefore deny the same.  Defendants deny the remaining allegations in paragraph 97.

98.   With respect to the allegations in paragraph 98, Defendants admit the first sentence.  Defendants are without sufficient information or knowledge to form a belief as to the truth or falsity of any allegations regarding the interactions between Kua and Dan Czek and therefore deny the same.  Defendants deny the remaining allegations in paragraph 98.

99.   With respect to the allegations in paragraph 99, Defendants admit that Jani-King of Minnesota, Inc. contacted Kua and Maiku about the apartment building account for $1,244 a month.  Defendants admit the allegations in the second sentence insofar as they relate the location of the apartment building account offered to Kua and Maiku to service and

to Kua's and Maiku's decision to decline the offer.  Defendants deny the remaining allegations in paragraph 99.

100. With respect to the allegations in paragraph 100, Defendants admit the first and second sentences.  Defendants are without sufficient information or knowledge to form a belief as to the truth or falsity of any allegations in the third sentence of paragraph 100 and therefore deny the same.

101. With respect to the allegations in paragraph 101, Defendants admit another Jani-King of Minnesota, Inc. franchisee stripped and waxed the floors at Children's World. Defendants deny the remaining allegations in paragraph 101.

102. Defendants are without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations made in paragraph 102 and therefore deny the same.

103. With respect to the allegations in paragraph 103, Defendants admit the first sentence.  Defendants deny the allegation in the second sentence that the account was underbid.  Defendants are without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations in paragraph 103 and therefore deny the same.

104. Defendants admit the allegations of the first sentence of paragraph 104.  As for the allegations in the third sentence of paragraph 104, Defendants deny that Jani-King of Minnesota, Inc. underbids accounts.  Defendants are without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations in paragraph 104 and therefore deny the same.

105.         Defendants admit the allegations in the first and second sentences of paragraph 105.  Defendants are without sufficient information or knowledge to form a belief

as to the truth or falsity of the remaining allegations in paragraph 105 and therefore deny the same.

106.     With respect to the allegations in the first sentence of paragraph 106, Defendants admit that Jani-King of Minnesota, Inc. sent Tom Schellinger to conduct an inspection of the Guardian account.  Defendants are without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in the second, third, fourth, and fifth  sentences of paragraph 106.  Defendants deny the remaining allegations in paragraph 106.

107.     Defendants deny the allegations in paragraph 107.

108.     Defendants deny the allegations of paragraph 108.

109.     With respect to the allegations of the first sentence of paragraph 109, Defendants admit that Cherpao Yang purchased a franchise from Jani-King of Minnesota, Inc. on or about September 12, 2005.  As to the second sentence of paragraph 109, Defendants admit Cherpao Yang paid $3000 for said franchise.  Defendants deny the remaining allegations in paragraph 109.

110.     Defendants admit the allegations in the first sentence of paragraph 110. With respect to the allegations in the second sentence of paragraph 110, Defendants admit that franchisees sometimes provide written information as to the geographic areas in which they prefer to work.  Defendants deny the remaining allegations in paragraph 110.

111. Defendants admit the allegations in the first and second sentences of paragraph 111.  Defendants deny the remaining allegations in paragraph 111.

112.     Defendants deny the allegations in paragraph 112.

113.     With respect to the allegations in the first sentence of paragraph 113, Defendants admit that Bee Vang and Vang Pao Moua purchased a franchise from Jani-King of Minnesota, Inc. on or about July 26, 2005.  Defendants further admit that Bee Vang and Vang Pao Moua paid $6000 for said franchise.  Defendants deny the remaining allegations in paragraph 113.

114.     Defendants admit the allegations in the first sentence of paragraph 114. With respect to the allegations in the second sentence of paragraph 114, Defendants admit that franchisees sometimes provide written information as to the geographic areas in which they prefer to work.  Defendants deny the remaining allegations in paragraph 114.

115.     With respect to the allegations in the first sentence of paragraph 115, Defendants admit that Bee Vang and Pau Moua were offered the Rocco Altobelli account to service in Woodbury.  Defendants are without sufficient information or knowledge to form a belief as to the truth or falsity of any allegations as to interactions between Kim, Bee Vang, and Pao Moua, and therefore deny the same.  Defendants deny the remainder of the allegations in paragraph 115.

116.     Defendants deny the allegations in paragraph 116.

117.     Defendants deny the allegations in paragraph 117.

118.     Defendants admit that Mai Lou Xiong Yang purchased a franchise from Jani-King of Minnesota, Inc. on or about October 28, 2005.  Defendants deny the remaining allegations in paragraph 118.

119.     With respect to the allegations in the first sentence of paragraph 119, Defendants admit that Mai Lou was offered and accepted the right to provide service to the Fat Boys account.  Defendants deny the remaining allegations in paragraph 119.

120.        Defendants deny the allegations in paragraph 120.

121.        Defendants deny the allegations in paragraph 121.

122.        With respect to the allegations of the first sentence of paragraph 122, Defendants admit that Eng Thao and Choua Moua purchased a franchise from Jani-King of Minnesota, Inc. on or about October 28, 2005.  Defendants further admit that Eng Thao and Choua Moua paid $20,662.50 for said franchise.  Defendants deny the remaining allegations in paragraph 122.

123.        Defendants admit the first sentence of paragraph 123.  With respect to the allegations in the second sentence of paragraph 123, Defendants admit that franchisees sometimes provide written information as to the geographic areas in which they prefer to work.  Defendants further admit Jani-King of Minnesota, Inc. offered Eng Thao and Choua Moua the right to service the American Legion account identified in sentence three. Defendants deny the remaining allegations in paragraph 123.

124.        Defendants deny the allegations contained in paragraph 124.

## COUNT I—BREACH OF CONTRACT

125.        Defendants deny the allegations contained in paragraph 125.

126.        Defendants deny the allegations contained in paragraph 126.

127.        Defendants deny the allegations contained in paragraph 127.

## COUNT II—BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

128.        Defendants deny the allegations contained in paragraph 128.

129.        Defendants deny the allegations contained in paragraph 129.

130.        Defendants deny the allegations contained in paragraph 130.

131.        Defendants deny the allegations contained in paragraph 131.

132.        Defendants deny the allegations contained in paragraph 132.

133.        Defendants deny the allegations contained in paragraph 133.


## COUNT III—VIOLATION OF THE MINNESOTA FRANCHISE ACT

134.        Defendants deny the allegations contained in paragraph 134.

135.        Defendants deny the allegations contained in paragraph 135.

136.        Defendants deny the allegations contained in paragraph 136.

137.        With respect to the allegations contained in paragraph 137, Defendants state that the statute speaks for itself.

138.        With respect to the allegations contained in paragraph 138, Defendants state that the statute speaks for itself.

139.        With respect to the allegations contained in paragraph 139, Defendants state that the statute speaks for itself.

140.        Defendants deny the allegations contained in paragraph 140.

141.        Defendants deny the allegations contained in paragraph 141.

142.        Defendants deny the allegations contained in paragraph 142.

143.        Defendants deny the allegations contained in paragraph 143.

144.        Defendants deny the allegations contained in paragraph 144.

## COUNT IV—FRAUD/MISREPRESENTATION

145.        Defendants deny the allegations contained in paragraph 145.

146.        Defendants deny the allegations contained in paragraph 146.

147.        Defendants deny the allegations contained in paragraph 147.

148.        Defendants deny the allegations contained in paragraph 148.

149.        Defendants deny the allegations contained in paragraph 149.

150.        Defendants deny the allegations contained in paragraph 150.

151.        Defendants deny the allegations contained in paragraph 151.

152.        Defendants deny the allegations contained in paragraph 152.

153.        Defendants deny the allegations contained in paragraph 153.

## COUNT V—UNJUST ENRICHMENT

154.        Defendants deny the allegations contained in paragraph 154.

155.        Defendants deny the allegations contained in paragraph 155.

156.        Defendants deny the allegations contained in paragraph 156.

157.        Defendants deny the allegations contained in paragraph 157.

158.        Defendants deny the allegations contained in paragraph 158.

159.        Defendants deny the allegations contained in paragraph 159.

160.        Defendants deny the allegations contained in paragraph 160.

## COUNT VI—QUANTUM MERUIT

161.        Defendants deny the allegations contained in paragraph 161.

162.        Defendants deny the allegations contained in paragraph 162.

163.     Defendants deny the allegations contained in paragraph 163.

164.     Defendants deny the allegations contained in paragraph 164.

165.     Defendants deny the allegations contained in paragraph 165.

166.     Defendants deny the allegations contained in paragraph 166.


### COUNT VII—UNLAWFUL PRACTICES

167.     Defendants deny the allegations contained in paragraph 167.

168.     Defendants deny the allegations contained in paragraph 168.

169.     Defendants deny the allegations contained in paragraph 169.

170.     Defendants deny the allegations contained in paragraph 170.

171.     With respect to the allegations contained in paragraph 171, Defendants state that the statute speaks for itself.

172.     With respect to the allegations contained in paragraph 172, Defendants state that the statute speaks for itself.

173.     Defendants deny the allegations contained in paragraph 173.

174.     Defendants deny the allegations contained in paragraph 174.


### COUNT VIII—FALSE STATEMENT IN ADVERTISING

175.     Defendants deny the allegations contained in paragraph 175.

176.     Defendants deny the allegations contained in paragraph 176.

177.     Defendants deny the allegations contained in paragraph 177.

178.     With respect to the allegations contained in paragraph 178, Defendants state that the statute speaks for itself.

179.       Defendants deny the allegations contained in paragraph 179.

180.       Defendants deny the allegations contained in paragraph 180.


## COUNT IX—UNJUST ENRICHMENT

181.       Defendants deny the allegations contained in paragraph 181.

182.       Defendants deny the allegations contained in paragraph 182.

183.       Defendants deny the allegations contained in paragraph 183.


## AFFIRMATIVE DEFENSES

Without agreeing to take on the burden of production or burden of proof where it lies on Plaintiffs, Defendants raise the following defenses:

1.       The Amended Complaint fails to state a claim upon which relief can be granted.

2.       The claims of some or all Plaintiffs and some or all putative class members are barred by the doctrines of waiver, estoppel, and/or laches.

3.       Joinder of the Plaintiffs and their claims is improper.

4.       The claims of some or all Plaintiffs and some or all putative class members are barred by the doctrine of settlement and release.

5.       The claims of some or all Plaintiffs and some or all putative class members are barred by affirmation of the governing franchise agreement and effective election of damages as a remedy.

6.       The claims of some or all Plaintiffs and some or all putative class members are barred by the doctrine of unclean hands.

7.      The claims of some or all Plaintiffs and some or all putative class members are barred by the availability of an adequate remedy at law.

8.      The claims of some or all Plaintiffs and some or all putative class members are barred, in whole or in part, by their comparative fault or negligence.

9.      The claims of some or all Plaintiffs and some or all putative class members are barred, in whole or in part, by their voluntary payment of fees at issue.

10.     The claims of some or all Plaintiffs and some or all putative class members are barred by statutes of limitations.

11.     The claims of some or all Plaintiffs and some or all putative class members are barred by the failure to plead fraud with sufficient particularity.

12.     The claims of some or all Plaintiffs and some or all putative class members are barred by the governing franchise agreements.

13.     On a balance of equities, some or all Plaintiffs and some or all putative class members are not entitled to the relief sought in their Amended Complaint.

14.     Some or all Plaintiffs and some or all putative class members are not entitled to claim attorneys' fees.

15.     Some or all of Plaintiffs' and some or all of the putative class members' claims are barred by the doctrine of ratification.

16.     Some or all of Plaintiffs' and some or all of the putative class members' claims are barred by the statute of frauds.

## PRAYER FOR RELIEF

WHEREFORE, the Defendants pray for relief from the Court in the form of an Order:

1.      Dismissing all of Plaintiffs' claims against the Defendants, with prejudice and on the merits;

2.      Awarding Defendants all of the costs, disbursements, and attorneys' fees incurred in defending this action; and

3.      Awarding such other and further relief as the Court deems equitable in the circumstances.

Dated: August 15, 2008                    **FAEGRE & BENSON, LLP**


                                          s/Kerry L. Bundy
                                          Kerry L. Bundy (MN #266917)
                                          William K. Killion (MN #55700)
                                          FAEGRE & BENSON, LLP
                                          2200 Wells Fargo Center
                                          90 South Seventh Street
                                          Minneapolis, Minnesota 55402
                                          (612) 766-7000
                                          *wkillion@faegre.com*
                                          *kbundy@faegre.com*

                                          Attorneys for Defendants

fb.us.3134448.04