# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Teng Moua, Juan Martinez, Cheri Martinez, Kua
Vang Xiong, Maiku Thao, Cherpao Yang, Bee
Vang, Vang Pao Moua, Mailou Xiong Yang,
Vangxue Yang, Eng Thao, Choua Moua, Meshack
Balira, Ferdinand Nyambarya, VMS Inc., Richard
Chang, Lee Wong Chang, Khonekham Dejvongsa,
Nouphet Dejvongsa, Diego Cortez Dominguez,
Mohamud Egal, Mohamed Osable, Hussein Osable,
Ifran Jimale, Layla Jimale, Mohamed Jimale, Paul
Bel George, Chue Hang, Tong Thao Hang, Rexhep
Krasniqi, Tou Lor, Mai Moua Vue, Arif Metushi,
Wa Her Moua, Mee Yang, John Schroeder, Judy
Schroeder, Berhane Tesfai, Dual Cykao Thao,
Xong Thao Yang, Kou Thao, Yang Xiong, Kevin        No. _____
Vilavong, Chong Xiong, Ko S. Xiong, Blia Yang,
Ying Cheng, Chang Yang, Choua Lor, Mai Blia        (Removed from State Court of
Yang, Pang Yang, Lue Her, for themselves and all   Hennepin County, Fourth
other persons similarly situated as franchisees of  Judicial District, Case No. ____)
Jani-King of Minnesota, Inc. and Jani-King
International, Inc,

                    Plaintiffs,

        v.

Jani-King of Minnesota, Inc., a Texas Corporation,
Jani-King International, Inc., a Texas Corporation,
George Selman, a Minnesota resident, and Steve
Schmidt, a Minnesota resident.,

                    Defendants.

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1446, 1453, defendants Jani-King of Minnesota, Inc., Jani-King International, Inc., George Selman, and Steve Schmidt (collectively, the "Removing Defendants") hereby remove to this Court the state-court action described in paragraph 1 below.

## THE REMOVED CASE

1.      The removed case is a putative class action entitled *Teng Moua, et al. v. Jani-King of Minnesota, et al.* that was commenced by service on the Removing Defendants on July 16, 2008.  The Complaint was captioned in the Hennepin County District Court, Fourth Judicial District, but as of the time of removal had not been filed with that court.

## PAPERS FROM REMOVED ACTION

2.      As required by 28 U.S.C. § 1446(a), attached hereto as Exhibit A are copies of all process, pleadings, and orders served upon the Defendants in the removed case.

## CONSENTS TO REMOVAL

3.      Although the consent of all defendants is not required for removal under 28 U.S.C. § 1453(b), all Defendants do in fact join in this removal petition.

## THE VENUE REQUIREMENT IS MET

4.      Venue of this removal is proper under 28 U.S.C. § 1446(a) because this

Court is the United States District Court for the district and division corresponding to the

place where the state-court action was pending.

## THE REMOVAL IS TIMELY

5.      28 U.S.C. § 1446(b) provides in relevant part that:

> The notice of removal of a civil action or proceeding shall be
> filed within thirty days after the receipt by the defendant,
> through service or otherwise, of a copy of the initial pleading
> setting forth the claim for relief upon which such action or
> proceeding is based . . . .

6.      This Notice of Removal satisfies the timing requirements of § 1446(b)

because Removing Defendants have filed this Notice of Removal within 30 days of

having been served with Plaintiffs' Complaint on July 16, 2008.

## THIS COURT HAS ORIGINAL JURISDICTION OVER THIS MATTER UNDER 28 U.S.C. § 1332(d)(2)

7.      This is a civil action that falls under the Court's original jurisdiction under

28 U.S.C. § 1332(d)(2) (the Class Action Fairness Act of 2005) and is one that may be

removed to this Court under 28 U.S.C. §§ 1446, 1453.  Section 1332(d)(2)(A) provides in

relevant part:

> The district courts shall have original jurisdiction of any civil action in
> which the matter in controversy exceeds the sum or value of $5,000,000,
> exclusive of interest and costs, and is a class action in which—
>
> (A) any member of  class of plaintiffs is a citizen of a State different
> from any defendant . . . .

- 3 -

28 U.S.C. § 1332(d)(2)(A).

8.      This action is a "class action" within the meaning of § 1332(d)(2)(A) because it is a "civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."  28 U.S.C. § 1332(d)(1)(B).

9.      The amount in controversy in this case, measured by aggregating the claims of the individual class members under 28 U.S.C. § 1332(d)(6), exceeds the required sum of $5,000,000, exclusive of interest and costs.  Plaintiffs seek recovery of franchise fees and all other fees and benefits paid by class members to Removing Defendants.  *See, e.g.,* Compl. ¶153, 158, 166, 183.  The amount of such fees paid to Removing Defendants by class members, who are franchise owners who purchased a Jani-King franchise in the state of Minnesota between January 1, 2000 through June 30, 2008, alone exceeds $5,000,000.  *See* Affidavit of George Selman at ¶3, attached as Exhibit B hereto. Plaintiffs also seek recovery of start-up and ongoing costs to their franchises, lost profits, and rescission of their franchise agreements, which will result in the loss of future fees to Removing Defendants.  Compl. ¶¶144, 153.  Given the extent of damages sought by plaintiffs, the amount in controversy in this case easily exceeds the sum of $5,000,000.

10.     The parties in this case satisfy the requirement of minimal diversity, because at least one "member of [the] class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d)(2)(A).  The Complaint alleges that numerous named plaintiffs are citizens of the state of Minnesota, Compl. ¶1-28, and defendant Jani-

King International, Inc. is a Texas corporation with its principal place of business in Texas.

## PLAINTIFFS CANNOT PROVE ANY OF THE EXCEPTIONS TO JURISDICTION UNDER 28 U.S.C. § 1332(d)

11.     Because the Removing Defendants have established this Court's jurisdiction under 28 U.S.C. § 1332(d)(2), the burden falls on Plaintiffs to prove one of the exceptions to jurisdiction under § 1332(d)(3), (4).

12.     Under § 1332(d)(3), a court may decline to exercise jurisdiction if, among other requirements, "the primary defendants are citizens of the State in which the action was originally filed."  But here, one of the primary defendants, Jani-King International, Inc., is a citizen of the state of Texas.  Section 1332(d)(3) is therefore inapplicable.

13.     Similarly, under § 1332(d)(4)(B), a court must decline to exercise jurisdiction if "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, *and the primary defendants*, are citizens of the State in which the action was originally filed."  (Emphasis added.)  But because one of the primary defendants, Jani-King International, Inc., is a citizen of the state of Texas, § 1332(d)(4)(B) is inapplicable.

14.  Finally, under § 1332(d)(4)(A), a court must decline to exercise jurisdiction if, among other requirements, "during the three-year period preceding the filing of [the] class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons." § 1332(d)(4)(A)(ii).  On January 22, 2007, however, a putative class action was filed in

Massachusetts state court against Jani-King International, Inc., one of the defendants in this case, asserting the same or similar factual allegations.  The Complaint in the Massachusetts action is attached hereto as Exhibit C, and an Amended Complaint is attached hereto as Exhibit D.  The Massachusetts action repeatedly makes the same or similar factual allegations that the Plaintiffs make in this case, including that: defendants sell franchises knowing they do not have sufficient business to satisfy obligations to franchisees, Compl. ¶48, Ex. D ¶19-20; defendants underbid accounts, Compl. ¶49, Ex. D ¶22; defendants do not provide promised levels of income, Compl. ¶57, Ex. D ¶17-18; defendants' franchise contracts are non-negotiable adhesion contracts, Compl. ¶51, Ex. D ¶10-11; many franchisees do not understand English, Compl. ¶52-53, Ex. D ¶12-13; defendants offer business that is not geographically convenient, Compl. ¶60, Ex. D ¶23; and defendants take accounts away without warning and without justification with no opportunity to cure or challenge alleged deficiencies, Compl. ¶65, Ex. D ¶26.  Because of the Massachusetts action, the exception to jurisdiction in § 1332(d)(4)(A) does not apply.

15.     This Court retains jurisdiction under 28 U.S.C. § 1332(d)(2) because the primary defendants in this action are not States, State officials, or government entities as required by § 1332(d)(5)(A).  Also, the number of members of the proposed plaintiff class exceeds 100, as required by § 1332(d)(5)(B).  *See* Ex. B at ¶2.

## FILING OF REMOVAL PAPERS

16.     As 28 U.S.C. § 1446(d) requires, written notice of the removal of this action has been given simultaneously to plaintiffs' counsel, and a Notice of Filing of Notice of Removal is simultaneously being filed with the State Court of Hennepin County, Fourth District, State of Minnesota.  A true and correct copy of this Notice is attached hereto as Exhibit E.

## CONCLUSION

WHEREFORE, defendants Jani-King of Minnesota, Inc., Jani-King International, Inc., George Selman, and Steve Schmidt respectfully request that the above-captioned action be removed from the Fourth Judicial District of the State of Minnesota to the United States District Court, District of Minnesota, and that this Court assume full jurisdiction over this action, to the exclusion of any further proceedings in the state court.

Dated: August 15, 2008 **FAEGRE & BENSON, LLP**

s/Kerry L. Bundy
Kerry L. Bundy (MN #266917)
William K. Killion (MN #55700)
FAEGRE & BENSON, LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402
(612) 766-7000
*wkillion@faegre.com*
*kbundy@faegre.com*

**Attorneys for Defendants**