**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Teng Moua, Juan Martinez, Cheri Martinez, Kua
Vang Xiong, Maiku Thao, Cherpao Yang, Bee
Vang, Vang Pao Moua, Mailou Xiong Yang,
Vangxue Yang, Eng Thao, Choua Moua, Meshack
Balira, Ferdinand Nyambarya, VMS Inc., Richard
Chang, Lee Wong Chang, Khonekham Dejvongsa,
Nouphet Dejvongsa, Diego Cortez Dominguez,
Mohamud Egal, Mohamed Osable, Hussein Osable,
Ifran Jimale, Layla Jimale, Mohamed Jimale, Paul
Bel George, Chue Hang, Tong Thao Hang, Rexhep
Krasniqi, Tou Lor, Mai Moua Vue, Arif Metushi,
Wa Her Moua, Mee Yang, John Schroeder, Judy
Schroeder, Berhane Tesfai, Dual Cykao Thao,
Xong Thao Yang, Kou Thao, Yang Xiong, Kevin
Vilavong, Chong Xiong, Ko S. Xiong, Blia Yang,
Ying Cheng, Chang Yang, Choua Lor, Mai Blia
Yang, Pang Yang, Lue Her, for themselves and all
other persons similarly situated as franchisees of
Jani-King of Minnesota, Inc. and Jani-King
International, Inc.,

No. 08-CV-04942 (ADM/JSM)

Plaintiffs,

v.

Jani-King of Minnesota, Inc., a Texas Corporation,
Jani-King International, Inc., a Texas Corporation,
George Selman, a Minnesota resident, and Steve
Schmidt, a Minnesota resident,

Defendants.

---

**DEFENDANT JANI-KING'S MEMORANDUM IN SUPPORT OF ITS MOTION**
**FOR PARTIAL JUDGMENT ON THE PLEADINGS**

## INTRODUCTION

Fifty-two franchisees assert nine claims against defendants Jani-King of Minnesota, Inc., Jani-King International, Inc., and two employees, George Selman and Steve Schmidt (collectively "Jani-King").  Three of plaintiffs' claims are based on fraud, and each of these three claims should be dismissed.  First, the Court should dismiss plaintiffs' common law fraud/misrepresentation claims because plaintiffs fail to plead details establishing the "who, what, where, when, and why" of each of their fraud allegations as required under Rule 9(b).  Second, the Court should dismiss plaintiffs' false advertising allegations because plaintiffs fail to allege the existence of a single act or communication by Jani-King that constitutes a misleading advertisement under the Minnesota False Statements in Advertising Act.  Third, the Court should dismiss plaintiffs' consumer fraud allegations because the conveyance of the right to operate a Jani-King franchise does not constitute the "sale of merchandise," a required element under the Minnesota Consumer Fraud Act.

## I.    PROCEDURAL BACKGROUND

Plaintiffs served their Complaint as an action in Minnesota state court. Defendants removed the case to this Court, answered the Complaint, and now bring this motion for partial judgment on the pleadings.

## II.    FACTUAL BACKGROUND

As it must for purposes of this motion, Jani-King takes the allegations of the Complaint as true.  *Hamm v. Groose*, 15 F.3d 110, 112 (8th Cir. 1994).  According to the Complaint, each plaintiff is a Jani-King franchisee who purchased a Jani-King franchise

from Jani-King of Minnesota, Inc. ("Jani-King Minnesota") between 2000 and 2008. (*See* Compl. ¶ 1-18.)  As a part of entering into their relationship with Jani-King Minnesota, each plaintiff received Jani-King Minnesota's Uniform Franchise Offering Circular and signed Jani-King Minnesota's "standardized franchise agreement."  (*Id.* ¶ 46.)

The gravamen of the Complaint is that the Jani-King defendants are responsible for the failure of Jani-King, Minnesota – as the franchisor – to do several things that it had allegedly agreed to do for its franchisees.  (*See id.* ¶¶ 45-75.)  Plaintiffs contend that Jani-King's alleged actions give rise to nine separate causes of action: breach of contract (Count I), breach of the implied covenant of good faith and fair dealing (Count II), violation of the Minnesota Franchise Act (Count III), fraud/ misrepresentation (Count IV), unjust enrichment (Counts V and IX), quantum meruit (Count VI), violation of the Minnesota Consumer Fraud Act (Count VII), and violation of the Minnesota False Statements in Advertising Act (Count VIII).

## III.   ARGUMENT

### A.  Rule 12(c) Standard

Jani-King brings this motion for judgment on the pleadings under Fed. R. Civ. P. 12(c).  The court reviews a Rule 12(c) motion under the same standard as a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  *E.E.O.C. v. Northwest Airlines, Inc.*, 216 F.Supp.2d 935, 937 (D. Minn. 2002).  "A grant of judgment on the pleadings is appropriate where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law."  *Poehl v. Countrywide Home Loans,*

*Inc.*, 528 F.3d 1093, 1096 (8th Cir. 2008) (citations and quotations omitted).  The Court

must "accept as true all facts pleaded by the non-moving party and grant all reasonable

inferences from the pleadings in favor of the non-moving party." *Faibisch v. Univ. of*

*Minn.*, 304 F.3d 797, 803 (8th Cir. 2002).

### B.  Plaintiffs' Common Law Fraud/Misrepresentation Claims Should Be Dismissed in Their Entirety Because They Are Not Pleaded With Sufficient Particularity

Of the 52 plaintiffs who assert fraud/misrepresentation claims against Jani-King,

11 attempt to plead specific facts in support of their claims, 41 plead no facts at all, and

not one plaintiff alleges sufficient details to satisfy the "who, what, where, when, and

how" details required by Fed. R. Civ. P. 9(b).  This Court should therefore dismiss

plaintiffs' common law fraud/misrepresentation claims in their entirety.

### 1.  Rule 9(b) requires plaintiffs to allege the who, what, where, when, and how of the alleged misrepresentation.

It is well-established that this Court may dismiss a claim upon a motion for

judgment on the pleadings for failure to plead fraud with particularity.  *See, e.g.*, *ADT*

*Security Servs., Inc. v. Swenson*, No. 07-2983, 2008 WL 2828867, at *1-4, *9 (D. Minn.

July 21, 2008) (dismissing fraud claims without prejudice in Rule 12(c) motion where

plaintiff failed to plead fraud with sufficient particularity); *Blackwater Techs., Inc. v.*

*Synesi Group, Inc.*, No. 06-1273, 2008 WL 141781, at *3–5 (D. Minn. Jan. 14, 2008)

(dismissing one of two fraud claims with prejudice in 12(c) motion where no facts could

be pleaded to support a conclusion that reliance was reasonable).

Rule 9(b) provides that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  This heightened pleading standard is "intended to enable the defendant to respond specifically and quickly to the potentially damaging allegations."  *U.S. ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 556 (8th Cir. 2006) (quotation and citation omitted).

To satisfy Rule 9(b)'s particularity requirement, "the complaint must plead such facts as the time, place, and content of the defendant's false representations as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result."  *Id.*  In other words, the complaint must identify the "who, what, where, when, and how" of the alleged fraud.  *U.S. ex rel. Costner v. U.S.*, 317 F.3d 883, 888 (8th Cir. 2003); *see also U.S. ex rel. Roop v. Hypoguard USA, Inc.*, No. 07-1600, 2007 WL 2791115, at *2 (D. Minn. Sept. 27, 2007).  These details provide information "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong."  *Costner*, 317 F.3d at 889 (citations and quotations omitted).  When fraud claims are alleged against more than one defendant, "each defendant is entitled to know the particular allegations of fraud it allegedly committed."  *Daher v. G.D. Searle & Co.*, 695 F. Supp. 436, 440 (D. Minn. 1988).  "[C]onclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule."  *Commercial Prop. Invs., Inc. v. Quality Inns, Int'l, Inc.*, 61 F.3d 639, 644 (8th Cir. 1995).

**2. Forty-one plaintiffs make no factual allegations at all about their own situations and therefore each has failed as a matter of law to satisfy Rule 9(b).**

For forty-one named plaintiffs, their claims of fraud and misrepresentation rest, in their entirety, on the following two sentences: "The other Plaintiffs named herein have experienced many of the same or similar wrongs and unlawful conduct on the part of the Defendants. Rather than describe and detail each and every one of their circumstances, Plaintiffs repeat and re-allege the above and the general allegations as it pertains to their own franchises." (Compl. ¶ 124.)

As a matter of law, these two sentences do not satisfy Rule 9(b), because they do not identify even one element of the "who, what, where, when, and how" of the alleged fraud. *See Costner*, 317 F.3d at 888. The sentences do not even purport to identify who made the alleged misrepresentations, when they were made, where they were made, or how they were made. In addition, the sentences do not identify which plaintiffs received which alleged misrepresentation. The complaint alleges that the forty-one plaintiffs suffered "many" of the wrongs. What wrongs? Which plaintiffs? The complaint alleges that the wrongs were "the same or similar." Which ones were the "same"? Which ones were "similar," and in what way were they different? These allegations do not identify anything tangible to defend. Hence, they fail as a matter of law.

**3. The remaining plaintiffs do not plead the who, what, where, when, and how of any of the alleged misrepresentations.**

Even the 11 plaintiffs who make some allegations about the facts of their own claims fail to satisfy the requirements of Rule 9(b). In Count IV, plaintiffs allege that

Jani-King committed "intentional and/or negligent misrepresentation."[1]  (Compl. ¶ 152.)

Granting all reasonable inferences in favor of plaintiffs regarding the scope of the

misrepresentation claims they are raising, *see Faibisch*, 304 F.3d at 803, the Complaint

alleges that one or more of the defendants is liable for one or more of a total of seven

fraudulent acts.  It is not sufficient, however, for a plaintiff to "state the time, place and

content of only *some* of the defendants' alleged misrepresentations."  *Bennett v. Berg*,

685 F.2d 1053, 1062 (8th Cir. 1982) (emphasis added).  Plaintiffs also may not "lump

together all of the [d]efendants," because that makes it impossible to determine which

allegations are levied against which defendant.  *Carlson v. A.L.S. Enters., Inc.*, No. 07-

3970, 2008 WL 185710, at *4 (D. Minn. Jan. 18, 2008) (dismissing claims).  Instead,

"where a plaintiff's complaint accuses multiple defendants of participating in the scheme

to defraud, the plaintiff must take care to identify which of them was responsible for the

individual acts of fraud."  *Weimer v. Int'l Flavors & Fragrances, Inc.*, 240 F.R.D. 431,

437 (N.D. Iowa 2007) (citations and quotations omitted); *see also Old Republic Ins. Co.*

---

[1]      In Minnesota, to prove a claim for fraudulent misrepresentation – which includes the element of intent – a plaintiff must establish that: (1) there was a false representation by a party of a past or existing material fact susceptible of knowledge; (2) made with knowledge of the falsity of the representation or made as of the party's own knowledge without knowing whether it was true or false; (3) with the intention to induce another to act in reliance thereon; (4) that the representation caused the other party to act in reliance thereon; and (5) that the party suffered pecuniary damage as a result of the reliance.  *Hoyt Props., Inc., v. Prod. Res. Group, L.L.C.*, 736 N.W.2d 313, 318 (Minn. 2007).  To prove negligent misrepresentation, a plaintiff must prove "(1) a duty of reasonable care in conveying information; (2) breach of that duty by negligently giving false information; (3) reasonable reliance on the misrepresentations, which reliance is the proximate cause of physical injury; and (4) damages."  *Flynn v. Am. Home Prods. Corp.*,  627 N.W.2d 342, 350 -351 (Minn. Ct. App. 2001); *Smith v. Brutger Cos.*, 569 N.W.2d 408, 413 (Minn. 1997).

*v. Hansa World Cargo Servs., Inc.*, 170 F.R.D. 361, 373–74 (S.D.N.Y. 1997) (holding plaintiff failed to adequately plead fraud where complaint failed to differentiate among corporate defendants but instead referred repeatedly to defendants as a group).

To facilitate the Court's review of this issue, Jani-King has attached a series of charts as Exhibit A with each plaintiff listed on the left, followed by a series of boxes to the right noting *any details* pleaded by that plaintiff to identify the "who, what, where, when, and how" of each alleged fraud.  As the charts show, not one plaintiff satisfies the requirements of Rule 9(b) by alleging the who, what, where, when, and how for even one of the seven alleged frauds.

### a.  Plaintiffs' fraud allegation #1

The first alleged misrepresentation identified in the Complaint is that Jani-King promised to provide plaintiffs with a certain specific amount of monthly business when it knew it could not fulfill the promise:

> [Jani-King] represented to Plaintiffs that they would provide them with monthly business ($7000 per month for Kua and Maiku, and $2000 per month for the Martinezez's) based on the amount of franchise fees paid.  However, [Jani-King] knew or should have known that they did not have a sufficient amount of business to satisfy those obligations to Plaintiffs and all other franchisees.

(Compl. ¶ 148.)  As reflected on page one of Exhibit A, only ten plaintiffs allege the "what" and "when" for the claim that Jani-King promised them a specified level of monthly business.  (Exh. A at 1.)  The remaining plaintiffs fail to allege this basic information.  Even among the ten plaintiffs who make some allegation, no plaintiff has pleaded facts showing *who* stated that Jani-King would provide him or her with monthly business, *where* that representation was made, or *how* it was made.  Each plaintiff's

failure to plead facts establishing *who* made this alleged misrepresentation to him or her

is especially problematic because plaintiffs have sued two corporations and two

individuals, thereby putting the personal assets of those individuals at stake.  Before the

four named defendants may properly prepare to defend against plaintiffs' claims, each

plaintiff must identify for each defendant the claims against him (or it) and the specific

acts upon which each plaintiff relies to prove misrepresentation.  *See Bennett*, 685 F.2d at

1062.  Given the paucity of details plaintiffs have pleaded in support of their first fraud

allegation, it should be dismissed.  *See Hijazi Med. Supplies v. AGA Med. Corp.*, No. 07-

3419, 2008 WL 398831, at *4 (D. Minn. Feb. 11, 2008) (dismissing fraud claims where

"some of the allegations" were specific regarding the "time, place, and content of the

alleged false representations" but others lacked the requisite specificity); *ADT*, 2008 WL

2828867, at *4 (stating only claims that satisfy the "who, what, where, when and how"

requirements of Rule 9(b) "as a whole will be permitted to go forward").

### b.  Plaintiffs' fraud allegation #2

The second alleged misrepresentation identified in the Complaint regards the right

to cure any defects in a franchisee's cleaning:

> [Jani-King] represented to the Plaintiffs that Plaintiffs would have an
> opportunity to cure any flaws in their cleaning within a certain time period,
> but instead, [Jani-King] would specifically point out flaws to the account
> people and remove that account from the Plaintiffs without giving them the
> promised opportunity to cure.

(Compl. ¶ 149.)  As the chart attached as page two to Exhibit A demonstrates, however,

not one plaintiff pleads any facts regarding this alleged misrepresentation.  No plaintiff

alleges *who* made the promise, or *when*, *where*, or *how* the promise was made.

Accordingly, the Court should dismiss plaintiffs' allegation that Jani-King fraudulently promised each plaintiff the opportunity to cure within a specific time for failure to satisfy the specificity requirements of Rule 9(b). *See ADT*, 2008 WL 2828867, at *3–4; *Hijazi Med. Supplies*, 2008 WL 398831, at *4; *Gunderson v. ADM Investor Servs., Inc.*, No. C96-3148-MWB et al., 1997 WL 570453, at *10 (N.D. Iowa Apr. 17, 1997).

### c. Plaintiffs' fraud allegation #3

The third alleged misrepresentation identified in the Complaint regards the ability to earn "as much income as a doctor":

> Defendants represented that Plaintiffs would be able to earn as much income as a doctor, and further represented that income potential for Plaintiffs was limited only by Plaintiffs' desire and ability to work hard.

(Compl. ¶ 150.)  No plaintiff alleges that any defendant told him or her that he or she would be able to earn "as much income as a doctor" or that the "income potential . . . was limited by [his or her] desire and ability to work hard."  (*See* Exh. A at 3.)  Hence, no plaintiff has provided the requisite who, what, where, when, and how details necessary to satisfy Rule 9(b)'s particularity requirements.  Accordingly, the Court should dismiss this fraud claim.  *See ADT*, 2008 WL 2828867, at *3–4.

### d. Plaintiffs' fraud allegation #4

The fourth alleged misrepresentation identified in the Complaint regards account support:

> [Jani-King] represented to Plaintiffs that [Jani-King] would provide account support to Plaintiffs, such support to include periodic inspection, account referrals, account bidding services, and opportunities to cure alleged defective cleaning, among other things.

(Compl. ¶ 150.)  As the chart attached as page four of Exhibit A demonstrates, only seven plaintiffs plead any facts to support their claim that Jani-King misrepresented that it would provide periodic inspection, account referrals, account bidding services, or opportunities to cure alleged defective cleaning.  None of these plaintiffs allege *who* made the promise or *when* or *where* the promise was made, and only two plead facts in support of "how" the promise was made.  The other plaintiffs provide no factual allegations to support this claim.  Accordingly, the Court should dismiss plaintiffs' allegation that Jani-King fraudulently promised each plaintiff periodic inspections, account referral, account bidding services, and opportunities to cure within a specific time for failure to satisfy the particularity requirements of Rule 9(b).

### e.  Plaintiffs' fraud allegations #5, #6, and #7

The final alleged misrepresentations in the Complaint identify three types of accounts that Jani-King allegedly promised it would not offer to plaintiffs:

> [Jani-King] represented to Plaintiffs that [Jani-King] would refrain from offering accounts that they knew were not serviceable by the specific Plaintiffs for reasons such as time conflicts with other jobs, distance from Plaintiff's home/other work cites [sic], or due to religious beliefs.

(Compl. ¶ 150.)  As reflected on pages five, six, and seven of Exhibit A, however, none of the plaintiffs plead any facts to support any of these three claims.  Accordingly, these claims should be dismissed.

If plaintiffs had met their pleading obligations, the Complaint would detail the who, what, where, when, and how of each fraud claim for each plaintiff and the charts in Exhibit A would be filled with all of the information necessary to inform the four

11

defendants in this case of the allegations against them and would equip them to prepare their defenses.  As it is, the charts are nearly empty.  Hence, it is impossible for any of the four defendants to know what each of the 52 individual plaintiffs in this case is actually alleging.  Given this inadequacy, the Court should dismiss the misrepresentation claims in Count IV in their entirety.

### C. Plaintiffs' False Statement in Advertising Claims Fail as a Matter of Law Because Plaintiffs Identify No Fraudulent Advertisements

In Count VIII of their Complaint, Plaintiffs allege that Jani-King violated the Minnesota False Statements in Advertising Act ("FSAA").  The FSAA applies, however, only to public "advertisements," and the Complaint does not identify a single untrue or misleading advertisement placed before the public by Jani-King.  The Court should therefore dismiss Count VIII of plaintiffs' Complaint.

Unlike other, broader causes of action for fraud, the FSAA applies only to false or misleading statements that are "place[d] before the public" "in a newspaper or other publication, or in the form of a book, notice, handbill, poster, bill, label, price tag, circular, pamphlet, program, or letter, or over any radio or television station, or in any other way, an advertisement of any sort . . . ."  Minn. Stat. § 325F.67.  The Minnesota Court of Appeals has interpreted "advertisement" according to its plain meaning: "'[t]o make public announcement of,' and '[t]o call the attention of the public to a product or business.'"  *UnitedHealth Group Inc. v. State ex rel. Swanson*, 2007 WL 4234545, at *4 (Minn. Ct. App. 2007) (quoting The American Heritage Dictionary 26 (3d ed.1992)).

Where "the gravamen of the complaint is fraud" – as it is in this case – a plaintiff must plead a violation of the FSAA with particularity under Rule 9(b), including the existence of an advertisement. *Russo v. NCS Pearson, Inc.*, 462 F.Supp.2d 981, 1003 (D. Minn. 2006); *Tuttle v. Lorillard Tobacco Co.*, 118 F.Supp.2d 954, 963 (D. Minn. 2000) *rev'd on other grounds by Tuttle v. Lorillard Tobacco Co.*, 377 F.3d 917 (8th Cir. 2004). The failure to identify an advertisement is grounds for dismissal.  In *Group Health Plan, Inc. v. Philip Morris, Inc.*, 68 F.Supp.2d 1064, 1070 (D. Minn. 1999), this court dismissed plaintiff's FSAA claims because the complaint "[did] not identify any statements made by Defendants which amount to commercial advertising."  In *Russo*, this court likewise dismissed plaintiffs' FSAA claim because plaintiffs had "failed to identify a single advertisement disseminated to the public in Minnesota."  462 F. Supp. at 1003.

Here, the Complaint does not identify even a single document or communication that defendants placed before the public that plaintiffs allege was false or misleading. Instead, the Complaint merely parrots the language of the statute and alleges without any accompanying factual allegations that Jani-King "published, circulated, made, disseminated or placed before the public, in newspapers and other publications, including circulars, pamphlets and programs, advertisements for its products" that "contained material assertions, representations and/or statements of fact which were untrue, deceptive and/or misleading."  (Compl. ¶¶ 175-76.)  But "parroting language of the statute" is not sufficient to survive a motion to dismiss.  *Arena Dev. Group, LLC v. Naegele Commc'ns, Inc.*, No. 06-2806, 2007 WL 2506431, at *10 (D. Minn. Aug. 30, 2007); *see also Trade 'N Post, LLC v. World Duty Free Americas, Inc.*, No. A2-99-75,

1999 WL 33283326, at *2 (D.N.D. Oct. 5, 1999) (stating that, to meet liberal pleading standard under Fed. R. Civ. P. 8 in stating a claim for relief, a plaintiff "must do more than parrot" the relevant statutory language).  To state a claim, plaintiffs must identify the who, what, when, where, and how of the allegedly misleading advertisements.  Because they have not pleaded any facts in support of their FSAA claim, the Court should dismiss Count VIII of plaintiffs' Complaint.

### D. Plaintiffs' Minnesota Consumer Fraud Act Claim Fails Because the Conveyance of the Right to Operate a Franchise Does Not Constitute the Sale of Merchandise

In Count VII, Plaintiffs allege that Jani-King violated the Minnesota Consumer Fraud Act (the "CFA").  (Compl. ¶ 168.)  The CFA, however, applies only to misrepresentations that are made in connection with the sale of merchandise, and the conveyance of the right to operate a franchise is not "the sale of merchandise."  Hence, plaintiffs' CFA claims fail as a matter of law.

The plain text of the statute declares that the CFA applies only to misrepresentations made "in connection with the sale of any merchandise":

> The act, use, or employment by any person of any fraud, false pretense, false promise, misrepresentation, misleading statement or deceptive practice, with the intent that others rely thereon *in connection with the sale of any merchandise*, whether or not any person has in fact been misled, deceived, or damaged thereby, is enjoinable as provided in [Minn. Stat. §] 325F.70.

Minn. Stat. § 325F.69, subd. 1 (emphasis added).  The Minnesota Court of Appeals has confirmed that, as the statute provides, a CFA claim can be brought only "where there is a nexus between the alleged fraud and the sale of merchandise."  *Banbury v. Omnitrition*

*Int'l, Inc.*, 533 N.W.2d 876, 882 (Minn. Ct. App. 1995). This Court has accordingly dismissed claims as a matter of law when the alleged fraud was not in connection with the sale of merchandise. *See Cooperman v. R.G. Barry Corp.*, 775 F. Supp. 1211, 1213–14 (D. Minn. 1991) (dismissing CFA claim for alleged fraud related to plaintiff's employment relationship).

Here, plaintiffs' allegations all relate not to fraud in connection with the sale of merchandise, but to alleged fraud in connection to entering a franchisee-franchisor relationship with Jani-King. (Compl. ¶ 48.) The Minnesota Court of Appeals has already considered similar allegations and held that they fail to state a CFA claim as a matter of law. *See Banbury*, 533 N.W.2d at 882. In *Banbury*, the purchasers of the right to operate a health and nutritional distributorship sued Omnitrition International, Inc., alleging fraud in connection with the formation of the distributorship relationship. The district court granted summary judgment to Omnitrition and the court of appeals affirmed, holding that the CFA was inapplicable "because there is no connection between the alleged fraud and the sale of merchandise." *Id.* at 883. In so ruling, the court of appeals stated that plaintiffs "do not allege that Omnitrition made any misrepresentation about the sale of merchandise, but only about their distributorship relationship." *Id.* at 882. The same is true here. Plaintiffs do not allege that Jani-King made any misrepresentation about the sale of merchandise, but only about their franchise relationship. As a matter of law, they fail to state a claim under the CFA, and the Court should therefore dismiss Count III of plaintiffs' Complaint.

### E.  In the Alternative, Plaintiffs' FSAA and CFA Claims Are Barred for Franchises Purchased Before July 14, 2002

The Court should dismiss plaintiffs' FSAA and CFA claims outright for the reasons provided above, but if it does not, then at a minimum it should dismiss the claims of several plaintiffs because they are barred by the statute of limitations.

A six-year statute of limitations applies to both the FSAA and the CFA.  *See* Minn. Stat. § 541.05, subd. 1; *Tuttle v. Lorillard Tobacco Co.*, 377 F.3d 917, 926 (8th Cir. 2004) (FSAA); *Estate of Riedel by Mirick v. Life Care Retirement Communities, Inc.*, 505 N.W.2d 78, 83 (Minn. Ct. App. 1993) ("[A]ctions brought under the Consumer Fraud Law are subject to a six-year limitations period under Minn. Stat. § 541.05, subd. 1(2).").  The statute of limitations "does not include a discovery allowance," *Tuttle*, 377 F.3d at 926, so the FSAA or CFA claims in this case are timely only if they arose on or after July 14, 2002, which is the date six years before plaintiffs initiated their suit.

The allegations in the complaint show that the FSAA and CFA claims of several plaintiffs are untimely, because those plaintiffs bought their franchises before July 14, 2002, and any alleged misrepresentations therefore necessarily occurred before that date, because any later alleged misrepresentations would lack any causal link to the formation of the franchise relationship.  *See Tuttle*, 377 F.3d at 926 (holding CFA statute of limitations period commenced on the date of sale).  Mailou Yang alleges that he bought a franchise in 2000.  (Compl. ¶ 6).  Meshack Balira and Ferdinand Nyambarya allege that they bought a franchise in 2000.  (*Id.* ¶ 8.)  Mohamud Egal, Mohaned Osable, Hussein Osable, Ifran Jimale, Layla Jimale, and Mohamed Jimale allege that they bought a

franchise in 2001.  (Compl. ¶ 12.)  Berhane Tesfai alleges that he bought a franchise in 1997.  (Compl. ¶ 19.)  And Chong Xiong alleges that he bought a franchise in 2000. (Compl. ¶ 24.)  The FSAA and CFA claims of all these plaintiffs fall outside the six-year statute of limitations and thus fail as a matter of law.

## CONCLUSION

For the foregoing reasons, Jani-King respectfully asks this Court to grant its motion to dismiss Counts IV, VII, and VIII of plaintiffs' Complaint in their entirety and as to all plaintiffs.

Dated: October 14, 2008                    FAEGRE & BENSON, LLP


                                            s/Kerry L. Bundy
                                            William K. Killion (MN #55700)
                                            Kerry L. Bundy (MN #266917)
                                            Aaron Van Oort (MN #315539)
                                            Eileen M. Hunter (MN #0336336)
                                            2200 Wells Fargo Center
                                            90 South Seventh Street
                                            Minneapolis, Minnesota 55402
                                            (612) 766-7000
                                            wkillion@faegre.com
                                            kbundy@faegre.com
                                            avanoort@faegre.com
                                            ehunter@faegre.com

                                            Attorneys for Defendants

fb.us.3337067.06