# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Teng Moua, Juan Martinez, Cheri Martinez, Kua
Vang Xiong, Maiku Thao, Cherpao Yang, Bee
Vang, Vang Pao Moua, Mailou Xiong Yang,
Vangxue Yang, Eng Thao, Choua Moua, Meshack
Balira, Ferdinand Nyambarya, VMS Inc., Richard
Chang, Lee Wong Chang, Khonekham Dejvongsa,
Nouphet Dejvongsa, Diego Cortez Dominguez,
Mohamud Egal, Mohamed Osable, Hussein Osable,
Ifran Jimale, Layla Jimale, Mohamed Jimale, Paul
Bel George, Chue Hang, Tong Thao Hang, Rexhep
Krasniqi, Tou Lor, Mai Moua Vue, Arif Metushi,
Wa Her Moua, Mee Yang, John Schroeder, Judy
Schroeder, Berhane Tesfai, Dual Cykao Thao,
Xong Thao Yang, Kou Thao, Yang Xiong, Kevin
Vilavong, Chong Xiong, Ko S. Xiong, Blia Yang,
Ying Cheng, Chang Yang, Choua Lor, Mai Blia
Yang, Pang Yang, and Lue Her,

No. 08-CV-4942 (ADM/JSM)

Plaintiffs,

v.

**SECOND AMENDED
STIPULATION AND
PROTECTIVE ORDER**

Jani-King of Minnesota, Inc., a Texas Corporation,
Jani-King International, Inc., a Texas Corporation,
George Selman, a Minnesota resident, and Steve
Schmidt, a Minnesota resident.,

Defendants.

## 1.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action may involve production of

confidential, proprietary, or private information for which special protection from public

disclosure and from use for any purpose other than prosecuting this litigation would be

warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the

following Stipulated Protective Order (hereinafter "Order").  The parties acknowledge

that this Order does not confer blanket protections on all disclosures or responses to

discovery and that the protection it affords extends only to the limited information or

items that are otherwise entitled under the applicable legal principles to treatment as

confidential.  The parties further acknowledge, as set forth in Section 10, below, that this

Order creates no entitlement to file confidential information under seal; the Local Rules

of this Court set forth the procedures that must be followed and reflects the standards that

will be applied when a party seeks permission from the Court to file material under seal.

## 2.   DEFINITIONS

2.1   <u>Party</u>:  any party to this action, including all of its officers, directors,

employees, consultants, retained experts, and outside counsel (and their support staff).

2.2   <u>Disclosure or Discovery Material</u>:   all items or information,

regardless of the medium or manner generated, stored, or maintained (including, among

other things, testimony, transcripts, or tangible things) that are produced or generated in

disclosures or responses to discovery in this matter.

2.3   <u>"Confidential" Information or Items</u>:   documents and all other

information (regardless of how generated, stored or maintained) or tangible things that an

attorney on behalf of the party believes in good faith that the information contained

therein constitutes, reflects, or discloses its trade secret or other confidential research,

financial, personnel, development, or commercial information.

2.4   <u>"Highly Confidential – Attorneys' Eyes Only" Information or Items</u>:

extremely sensitive "Confidential Information or Items" that an attorney on behalf of the

party believes in good faith that the information contained therein constitutes, reflects, or

discloses its trade secret or other confidential research, financial, personnel, development, or commercial information and is so commercially sensitive and/or confidential that disclosure to any employee of any of the parties pursuant to a designation of "Confidential" will not provide adequate protection to the interests of the party producing the Confidential Information.

2.5    Receiving Party:    a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6    Producing Party:    a Party or non-party that produces Discovery or Discovery Material in this action.

2.7    Designating Party:    a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential - Attorneys' Eyes Only."

2.8    Protected Material:    any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

2.9    Outside Counsel:    attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10    House Counsel:    attorneys who are employees of a Party.

2.11    Counsel (without qualifier):    Outside Counsel and House Counsel (as well as their support staffs).

2.12    Expert:    a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current

3

employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13   <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**3.   SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in Court or in other settings that might reveal Protected Material.

**4.   DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs.

**5.   DESIGNATING PROTECTED MATERIAL**

5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to

designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routine designations are prohibited.  Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), may expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations.  Except as otherwise provided in this Order (*see, e.g.*, second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the top or bottom of each page that contains protected material.  If only a

portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the top or bottom of each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

(b)     for testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony identify on

the record, before the close of the deposition, hearing, or other proceeding, or within 20

days after receiving the transcript from the deposition, hearing, or other proceeding, all

protected testimony, and further specify any portions of the testimony that qualify as

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  All depositions shall be

deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" until 20 days

after receiving the transcript from the deposition, unless the Party requesting to use any

part of the deposition as non-confidential or as "CONFIDENTIAL" obtains written

authorization from the Party and/or non-party desiring to maintain any part of the

deposition as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".  When it is

impractical to identify separately each portion of testimony that is entitled to protection,

and when it appears that substantial portions of the testimony may qualify for protection,

the Party or non-party that sponsors, offers, or gives the testimony may invoke on the

record (before the deposition or proceeding is concluded) a right to have up to 20 days to

identify the specific portions of the testimony as to which protection is sought and to

specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY"). Only those portions of the

testimony that are appropriately designated for protection within the 20 days shall be

covered by the provisions of this Order.

Transcript pages containing Protected Material must be separately bound

by the court reporter, who must affix to the top or bottom of each such page the legend

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY,"

as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

(c)     for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If material is appropriately designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the

litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2   Meet and Confer.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3   Judicial Intervention.  The Magistrate Judge in this case has set forth an informal procedure for resolving non-dispositive disputes in the Pre-trial Scheduling Order date March 18, 2009 and the parties agree that they will first attempt to resolve any challenges regarding confidentiality designations by seeking the other party's consent to use the Court's informal procedure.  If the informal procedure does not result in a resolution, the parties must file a formal motion.  A Party that elects to press a challenge to a confidentiality designation after the informal resolution process has been exhausted may file and serve a motion under the Local Rules of this Court that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and

that sets forth with specificity the justification for the confidentiality designation that was

given by the Designating Party in the meet and confer dialogue.  The burden of

persuasion in any such challenge proceeding shall be on the Designating Party.  Until the

Court rules on the challenge, all parties shall continue to afford the material in question

the level of protection to which it is entitled under the Producing Party's designation.

### 7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    <u>Basic Principles</u>.  A Receiving Party may use Protected Material that

is disclosed or produced by another Party or by a non-party in connection with this case

only for prosecuting, defending, or attempting to settle this litigation.  Such Protected

Material may be disclosed only to the categories of persons and under the conditions

described in this Order.  When the litigation has been terminated, a Receiving Party must

comply with the provisions of section 11 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a

location and in a secure manner that ensures that access is limited to the persons

authorized under this Order.

7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless

otherwise ordered by the Court or permitted in writing by the Designating Party, a

Receiving Party may disclose any information or item designated CONFIDENTIAL only

to:

(a)    the Receiving Party's Counsel, as well as employees of said Counsel

to whom it is reasonably necessary to disclose the information for this litigation and who

have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

   (b)  the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

   (c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

   (d)  the Court and its personnel;

   (e)  court reporters, their staff, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

   (f)  during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

   (g)  the author of the document or the original source of the information and any previous recipients of the document or information.

   7.2.1 The parties agree that any documents designated as "CONFIDENTIAL" that were produced from individual franchisee files, Jani-King's database, or Jani-King's customer files, will be shown only to the franchisee whose file is at issue or who serviced that customer.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)     the Receiving Party's Counsel, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b)     Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c)     the Court and its personnel;

(d)     court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(e)     the author of the document or the original source of the information and any previous recipients of the document or information; and

(f)     if Defendants are the Receiving Party, Executive Vice President Don Burleson, provided he signs the "Agreement to Be Bound by Protective Order" (Exhibit A).

8.      **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax or email, if possible) immediately and in no event more than three Court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or Court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Order.  In addition, the Receiving Party must deliver a copy of this Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the Court from which the subpoena or order issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that Court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another Court.

### 9.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

### 10.  FILING PROTECTED MATERIAL

Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  In the event a party wishes to use any Confidential Material, or any papers containing or making reference to the contents of such Confidential Material, in any pleading or document filed with the Court in this litigation, such pleading or document and Confidential Material shall be filed under seal, until such time as the Court orders otherwise or denies permission to file under seal, and such Confidential Material, information, or papers shall plainly state on the first page of any bound or stapled document "Confidential – Filed Under Seal" and shall be filed only in sealed envelopes on which shall be endorsed the caption of this action and a statement substantially in the following form:

**CONFIDENTIAL**

This envelope contains documents that are subject to a Stipulated, Agreed Protective Order entered by the Court in this action.  This envelope shall neither be opened nor the contents revealed except by Order of the Court.

Any document filed with the Court is presumptively a public document. Therefore, whenever a party files any document under seal with the Court, it will adhere to the local rules and practices of the Court for such filings.

## 11.    FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda,

correspondence or attorney work product, even if such materials contain Protected

Material.  Any such archival copies that contain or constitute Protected Material remain

subject to this Order as set forth in Section 4 (DURATION), above.

## 12.  INADVERTENT DISCLOSURE

If a Producing Party inadvertently or mistakenly produces or provides

information, documents or tangible items via discovery in this Action that the Producing

Party was entitled to withhold subject to a claim of attorney-client privilege or work

product immunity, such production shall not prejudice such claim or otherwise constitute

a waiver of any claim of attorney-client privilege or work product immunity for such

information, provided that the Producing Party promptly makes a good-faith

representation that such production was inadvertent or mistaken and takes prompt

remedial action to withdraw the disclosure upon its discovery.  Within three (3) business

days of receiving a written request to do so from the Producing Party, the Receiving Party

shall return to the producing party any documents or tangible items that the Producing

Party represents are covered by a claim of attorney-client privilege or work product

immunity and were inadvertently or mistakenly produced.  The Receiving Party shall also

destroy all copies or summaries of, and all notes and/or recordings relating to, any such

inadvertently or mistakenly produced information; provided, however, that this Order

shall not preclude the Receiving Party returning such information from making a motion

to compel production of the returned information on a basis other than a waiver because

of its inadvertent production as part of a discovery production under this Order.  Return

of the document or thing by the Receiving Party shall not constitute an admission or

concession, or permit any inference, that the returned document or thing is, in fact, properly subject to a claim of attorney-client privilege or work product immunity nor shall it foreclose any party from moving the Court for an order that such document or thing has been improperly designated or should be producible for reasons other than a waiver caused by the inadvertent production.  The Producing Party shall retain copies of all returned documents and tangible items for further disposition.

## 13. MISCELLANEOUS

13.1 <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2 <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

**IT IS SO STIPULATED AND AGREED, THROUGH COUNSEL OF RECORD.**

Respectfully submitted,

Dated: July 8, 2010                              **FAEGRE & BENSON, LLP**


                                                 s/Aaron Van Oort
                                                 Kerry L. Bundy (MN #266917)
                                                 William K. Killion (MN #55700)
                                                 Aaron Van Oort (MN #315539)
                                                 Eileen M. Hunter (MN #0336336)
                                                 FAEGRE & BENSON, LLP
                                                 2200 Wells Fargo Center
                                                 90 South Seventh Street
                                                 Minneapolis, Minnesota 55402
                                                 (612) 766-7000
                                                 *wkillion@faegre.com*
                                                 *kbundy@faegre.com*
                                                 *avanoort@faegre.com*
                                                 *ehunter@faegre.com*

                                                 Attorneys for Defendants


Dated: July 8, 2010                              **FOLEY & MANSFIELD, PLLP**


                                                 s/Christopher C. Grecian
                                                 Thomas W. Pahl (#243012)
                                                 Jamie L. Habeck (#308328)
                                                 Christopher C. Grecian (#0387693)
                                                 FOLEY & MANSFIELD, PLLP
                                                 250 Marquette Avenue, Suite 1200
                                                 Minneapolis, MN 55401
                                                 (612) 338-8788
                                                 *tphal@foleymansfield.com*
                                                 *jhabeck@foleymansfied.com*
                                                 *cgrecian@foleymansfield.com*

                                                 Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Teng Moua, Juan Martinez, Cheri Martinez, Kua
Vang Xiong, Maiku Thao, Cherpao Yang, Bee
Vang, Vang Pao Moua, Mailou Xiong Yang,
Vangxue Yang, Eng Thao, Choua Moua, Meshack
Balira, Ferdinand Nyambarya, VMS Inc., Richard
Chang, Lee Wong Chang, Khonekham Dejvongsa,
Nouphet Dejvongsa, Diego Cortez Dominguez,
Mohamud Egal, Mohamed Osable, Hussein Osable,
Ifran Jimale, Layla Jimale, Mohamed Jimale, Paul
Bel George, Chue Hang, Tong Thao Hang, Rexhep
Krasniqi, Tou Lor, Mai Moua Vue, Arif Metushi,
Wa Her Moua, Mee Yang, John Schroeder, Judy
Schroeder, Berhane Tesfai, Dual Cykao Thao,
Xong Thao Yang, Kou Thao, Yang Xiong, Kevin
Vilavong, Chong Xiong, Ko S. Xiong, Blia Yang,
Ying Cheng, Chang Yang, Choua Lor, Mai Blia
Yang, Pang Yang, and Lue Her,

No. 08-CV-4942 (ADM/JSM)

**AGREEMENT TO BE
BOUND BY SECOND
AMENDED PROTECTIVE
ORDER (EXHIBIT A TO
SECOND AMENDED
STIPULATION AND
PROTECTIVE ORDER)**

Plaintiffs,

v.

Jani-King of Minnesota, Inc., a Texas Corporation,
Jani-King International, Inc., a Texas Corporation,
George Selman, a Minnesota resident, and Steve
Schmidt, a Minnesota resident.,

Defendants.

_____

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, having been retained as a(n)

_____ of _____ in connection with the

above-captioned lawsuit, hereby acknowledge that I am to be provided access to

confidential information supplied by _____, as defined in the

Stipulated, Agreed Protective Order dated _____ (the "Order").

My address is _____. My

present employer is _____. My present occupation or job

description is _____. Attached are a copy of my

current resume or curriculum vitae and a full description of all my employment for the

previous 10 years.

I certify my understanding that the confidential information is being provided to

me pursuant to the terms and restrictions of the aforesaid Order and that I have been

given a copy of and have read and understood my obligations under that Order.  I hereby

agree to be bound by the terms of the Order; and that all material given to me by the

parties to this action in connection with this action shall be used solely for purposes of the

preparation and trial of the Litigation and any related appellate proceeding and for no

other purposes, including, without limitation, any commercial or business purpose, absent

the prior written consent of the Producing Party.  I understand that the confidential

information and my copies or notes relating thereto may be disclosed to or discussed with

only those persons permitted by the Order to receive such information.

I will return on request all materials containing confidential information, copies

thereof, and notes that I have prepared relating thereto, to outside trial counsel for the

party with whom I am associated.

I hereby submit to the jurisdiction of this Court for the purpose of enforcement of

the Order and waive any and all objections to jurisdiction and venue.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Date: _____       By: _____