UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Teng Moua, Juan Martinez, Cheri Martinez, Kua Vang Xiong, Maiku Thao, Cherpao Yang, Bee Vang, Vang Pao Moua, Mailou Xiong Yang, Vangxue Yang, Eng Thao, Choua Moua, Meshack Balira, Ferdinand Nyambarya, VMS Inc., Richard Chang, Lee Wong Chang, Khonekham Dejvongsa, Nouphet Dejvongsa, Diego Cortez Dominguez, Mohamud Egal, Mohamed Osable, Hussein Osable, Ifran Jimale, Layla Jimale, Mohamed Jimale, Paul Bel George, Chue Hang, Tong Thao Hang, Rexhep Krasniqi, Tou Lor, Mai Moua Vue, Arif Metushi, Wa Her Moua, Mee Yang, John Schroeder, Judy Schroeder, Berhane Tesfai, Dual Cykao Thao, Xong Thao Yang, Kou Thao, Yang Xiong, Kevin Vilavong, Chong Xiong, Ko S. Xiong, Blia Yang, Ying Cheng, Chang Yang, Choua Lor, Mai Blia Yang, Pang Yang, Lue Her, for themselves and all other persons similarly situated as franchisees of Jani-King of Minnesota, Inc. and Jani-King International, Inc., <br><br> Plaintiffs, <br><br> vs. <br><br> Jani-King of Minnesota, Inc., a Texas Corporation, Jani-King International, Inc., a Texas Corporation, George Selman, a Minnesota resident, and Steve Schmidt, a Minnesota resident, <br><br> Defendants. | Case No.: 08-CV-4942 (ADM/JSM) <br><br><br><br><br><br><br><br><br><br><br><br><br><br> **PLAINTIFFS' MEMORANDUM IN RESPONSE TO DEFENDANTS' MOTION FOR ORDER TO SHOW CAUSE** |

1

## INTRODUCTION

Plaintiffs acknowledge that five individuals have not yet responded to Defendants' discovery requests. These individuals, however, are not the apathetic miscreants that Defendants make them out to be. There is no evidence that any of the remaining five individuals are knowingly, willfully and repeatedly ignoring the discovery process or this Court's Orders. Plaintiffs' counsel has offered Defendants the common-sense and efficient solution of dismissing the claims of these five plaintiffs without prejudice. Such an approach would resolve these claims and cure the Defendants' claimed prejudice while, at the same time, conserving the parties' and the Court's resources. Defendants, however, flatly refused that offer and insist on nothing short of a dismissal with prejudice.

Plaintiffs ask that the Court, if it is inclined to grant some relief to Defendants, specifically order that any dismissal of these Plaintiffs' claims shall be without prejudice.

## FACTUAL BACKGROUND

Defendants served discovery on each of the fifty two named plaintiffs in May, 2010. (Grecian Decl. ¶¶ 2-3.) Given the sheer volume of discovery to be responded to, the parties mutually agreed to a rolling discovery deadline wherein Plaintiffs would provide discovery responses for ten plaintiffs per week until all responses were served. (*Id.* ¶ 4.) The agreement was further that Plaintiffs would provide all discovery responses by July 19, 2010. (*Id.*)

By July 19, 2010, there were thirteen plaintiffs who had not responded to Defendants' discovery. (Diedrich Decl. ¶ 6.) These plaintiffs had not responded to any

of Plaintiffs' counsel's attempts to contact them, and therefore, we were unable to submit any discovery responses on their behalf.  By August 23, 2010, the number of plaintiffs that were not responsive to Defendants' discovery was down to ten.  (*Id.* ¶ 8.)

On September 8, 2010, Defendants brought a Motion to Compel before Magistrate Judge Mayeron in an attempt to obtain discovery responses from the remaining non-responsive plaintiffs.  (Grecian Decl. ¶ 7.)  She granted the Motion to Compel and ordered the ten remaining plaintiffs to respond to discovery by September 29, 2010.  (*Id.* ¶ 9.)  Based on the Court's Order, Plaintiffs' counsel immediately sent each of the affected plaintiffs a letter reminding them of their duty to timely respond to Defendants' discovery, informing them of Magistrate Mayeron's September 8, 2010 Order, and providing them a copy of the Order.  (*Id.* ¶ 10.)  The letter was sent to each of these ten individuals by both First Class mail and Certified/Return Receipt Requested mail.  (*Id.*)

On September 29, 2010, Plaintiffs provided discovery responses for an additional five plaintiffs, however, unfortunately, Plaintiffs were still unable to provide discovery responses for five other plaintiffs.  (Diedrich Decl. ¶ 14.)  At this time, the remaining five plaintiffs who have yet to respond to Defendants' discovery are Tong Thao Hang, Chue Hang, Ferdinand Nyambarya, Ko S. Xiong and Mai Moua Vue.  (Grecian Decl. ¶ 11.)

Two of these individuals, Tong Thao Hang and Chue Hang, no longer desire to pursue their claims against the Defendants.  (*Id.* ¶ 12.)  The Hangs have authorized Plaintiffs' counsel to seek dismissal of their claims without prejudice.  (*Id.*)  The Hangs have not authorized Plaintiffs' counsel to consent to a voluntarily dismissal their claims with prejudice.  (*Id.*)

As it relates to the other three individuals (Ko S. Xiong, Mai Moua Vue and Ferdinand Nyambarya), Plaintiffs' counsel has sent numerous letters to each of them at their last known addresses since the onset of discovery in an attempt to get them to contact our office so that we could arrange to respond to Defendants' discovery on their behalf. (*Id*. ¶¶ 5, 6, 10.) Additionally, Plaintiffs' counsel has made multiple attempts to contact these individuals by telephone at their last known telephone numbers. (*Id*.) None of these attempts has been effective in eliciting a response. (*Id*. ¶ 11.)

Based on information from Meshack Balira, co-Plaintiff and co-owner of a franchise with Ferdinand Nyambarya, Mr. Nyambarya no longer desires to pursue his claims against the Defendants. (*Id*. ¶ 13.) However, Plaintiffs' counsel has not been able to independently verify that fact with Mr. Nyambarya. (*Id*.)

Plaintiffs' counsel has not made contact with Ferdinand Nyambarya, Ko S. Xiong or Mai Moua Vue since the Defendants' discovery was served, and therefore, is unable to agree to a voluntary dismissal of their claims with prejudice.[1]

## **LEGAL STANDARD**

The Court, pursuant to Federal Rule of Civil Procedure 37, has the authority to enact various sanctions upon a party that fails to obey a discovery order. *See* Fed. R. Civ. P. 37(b)(2)(A). Among the panoply of sanctions available to the Court, dismissal of the

---

[1] The letter sent to Ferdinand Nyambarya was signed for (date unknown) by Rosemary Balira, the wife of his former business partner and co-Plaintiff Meshack Balira. (*Id*. ¶ 14.) The letter enclosing Magistrate Mayeron's Order that was sent by Certified Mail to Mr. Xiong was returned as unclaimed on October 4, 2010. (*Id*. ¶ 16.) The same letter sent to Mai Moua Vue was ultimately signed for on October 7, 2010 by a person identified as C. Vang. (*Id*. ¶ 15.)

offending party's case is the most extreme and is not justified by every failure to comply with a court order. *Givens v. A.H. Robins Co., Inc.*, 751 F.2d 261, 263 (8th Cir. 1984). The Court has the inherent ability to dismiss these cases without prejudice rather than with prejudice. However, the strong and overriding policy favoring trial on the merits and against depriving a party of its day in court counsels against freely dismissing claims with prejudice. *Fox v. Studebaker-Worthington, Inc.*, 516 F.2d 989, 995-96 (8th Cir. 1975). In fact, the sanction of dismissing a case with prejudice is recognized to be so drastic that it should only be used sparingly and in exceptional cases. *Schoffstall v. Henderson*, 223 F.3d 818, 823 (8th Cir. 2000).

In order to justify dismissing a case for failing to obey a discovery order, there must be (1) an order compelling discovery, (2) a willful violation of that order, and (3) prejudice to the other party. *Sentis Group, Inc. v. Shell Oil Co.*, 559 F.3d 888, 899 (8th Cir. 2009) (quoting *Schoffstall*, 223 F.3d at 823 (8th Cir. 2000). In cases where the facts support a dismissal with prejudice, this mechanism should nevertheless only be used when less extreme sanctions have proven futile. *Rodgers v. Curators of the Univ. of Mo.*, 135 F.3d 1216, 1222 (8th Cir.1998), *Siems v. City of Minneapolis*, 560 F.3d 824, 826 (8th Cir. 2009).

Unless there is willfulness and bad faith, the Court is instructed to at least investigate the propriety of a less extreme sanction. *Brennan v. Qwest Communications Int'l, Inc.*, Civ. No. 07-2024 (ADM/JSM), 2009 WL 1586721, at *15 (D. Minn. June 4, 2009) (citing *Hairston v. Alert Safety Light Prods., Inc.*, 307 F.3d 717, 719 (8th Cir. 2002)). Even when the record shows violations of court orders, it is an abuse of

discretion for a court to dismiss a claim with prejudice when there is no evidence the transgressing party engaged in "intentional or willfully disobedient conduct designed to delay the proceedings or frustrate the defendants' preparations for trial…" *Mann v. Lewis*, 108 F.3d 145, 147 (8th Cir. 1997).

## **DISCUSSION**

Defendants' ask the Court to grant them the ultimate relief; the irrevocable and absolute termination of an individual's right to seek redress from the Court.  This right is very strongly protected and should not be infringed except in the most extreme situations.  Yet, Defendants seek this exact remedy despite the fact that there is an obvious and less-extreme sanction, namely dismissal <u>without</u> prejudice, that would still vindicate the Court and grant the Defendants relief from the prejudice they are claiming.  Defendants seek this ultimate sanction despite the fact that no lesser sanctions have been attempted to date and found to be ineffectual.

In fact, Plaintiffs have offered to dismiss these particular claims without prejudice on several occasions.  Rather than accept a voluntary dismissal of five plaintiffs' claims without prejudice and move on to focus on the disputed cases before us, the Defendants have opted to reject this efficient resolution in favor of an approach that unnecessarily consumes both parties' resources as well as the Court's time and attention.

Defendants ask the Court to infer that each of these Plaintiffs have intentionally and willfully violated the Court's Order.  However, as noted above, the evidence that any of these individuals are intentionally turning their nose at the Court's Order is circumstantial, <u>at best</u>.

6

For example, there is no evidence that Ko S. Xiong is even *aware* of this Court's Order. After all, the letter sent to him enclosing the Order and explaining its terms <u>was never claimed</u>. (Grecian Decl. ¶ 16.) The more logical, and we submit, better explanation is that Mr. Xiong has <u>never</u> received the Court's September 8, 2010 Order and is, therefore, not aware of its terms or that he is even in violation of it. If Mr. Xiong is not even aware of the Court's Order, he should not be imputed to be found intentionally and willfully in violation of it. It follows, therefore, that if there is no intentional or willful disobedience of the Order, then dismissal with prejudice is improper. *See Mann*, 108 F.3d 145 (8th Cir. 1997)(holding that dismissal with prejudice is improper when there is no evidence of intentional or willful disobedient acts designed to delay the proceedings.) Moreover, to impose the most extreme sanction at the Court's disposal in Mr. Xiong on these facts would be harsh given that the alternative sanction of dismissal without prejudice is equally available, will cure any claimed prejudice on Defendants' part, has been freely offered by Plaintiffs' counsel and has not been proven futile.

The same argument may be made for Ferdinand Nyambarya and Mai Moua Vue's cases. Although for each of these individuals, the letter enclosing the Court's September 8, 2010 Order was delivered to the last known address, in neither instance was the letter signed for by the addressee. (Grecian Decl. ¶¶ 14-15.)

In Mr. Nyambarya's case, the letter receipt was signed by Rosemary Balira. (*Id.* at ¶ 14.) The letter was sent to the Balira's address because that address was the last known address Mr. Nyambarya provided to us. (*Id.*) However, Meshack Balira informed

7

our office that neither he nor Rosemary are aware of Mr. Nyambarya's current address, that they believe he has returned to Africa, and that they have not been able to forward this correspondence (the one containing Court's Order) or any other correspondence to Mr. Nyambarya.  (*Id.* at ¶ 13.)  Again, the most logical inference to made from this set of facts is not that Mr. Nyambarya has willfully disregarded the Court's Order as Defendants profess, but instead that he is wholly unaware of the Order's existence. These are not the type of facts that give rise to an inference that Mr. Nyambarya is willfully in violation of the Court's Order, and therefore a dismissal with prejudice of his claims would be improper.

Finally, a substantially parallel argument can be made for Mai Moua Vue.  The return receipt for the letter enclosing the Court's September 8, 2010 Order was sent to Mai Moua Vue at her last known address.  (*Id.* at ¶ 15.)  This letter was signed for by C. Vang on October 7, 2010.  (*Id.*)  Plaintiffs' counsel is unaware who C. Vang is and if there is any relation between C. Vang and Mai Moua Vue.  (*Id.*)  Furthermore, we are without any information that confirms that Mai Moua Vue actually received this letter and its contents, including the September 8, 2010 Order.  Absent that information, it is difficult to impute the level of knowledge on Ms. Vue sufficient to find her to be intentionally and willfully in disregard of the Court's Order.

Defendants argue that they have been prejudiced by the inability to take discovery from these individuals.  Putting aside the question of whether this type of prejudice can even occur <u>prior</u> to the close of the discovery deadline, Plaintiffs are still faced with a glaring question.  To what extent, if any, does a dismissal <u>with</u> prejudice cure

Defendants' alleged prejudice any more thoroughly than a dismissal <u>without</u> prejudice would?  Assuming that Defendants are prejudiced by the inability to take discovery from these individuals as claimed, any such prejudice is equally curable by a dismissal <u>without</u> prejudice as it would be by a dismissal with prejudice.  There is no need to dismiss these cases with prejudice when the lesser sanction of dismissal without prejudice will cure Defendants' grievances, enforce the Court's Order, and protect the public policy favoring dismissals without prejudice.

## **CONCLUSION**

Should the Court be inclined to grant Defendants some relief, that relief should be something less than the ultimate penalty sought by Defendants.  Plaintiffs do not contend that these cases should be permitted to move forward in contravention to the Court's Order, but instead argue that the relief sought by Defendants in this case is improper in light of the facts and availability of less extreme but equally effective sanctions.  Accordingly, Plaintiffs ask the Court, to the extent it will dismiss these claims, to do so <u>without</u> prejudice.

Dated:  October 22, 2010.  **FOLEY & MANSFIELD, PLLP**

                    BY: <u>s/ Christopher C. Grecian</u>
                          Thomas W. Pahl (#243012)
                          Michael W. Haag (#39007)
                          Jamie Habeck Paz (#308328)
                          Steven J. Erffmeyer (#276534)
                          Christopher C. Grecian (#387693)
                          250 Marquette Avenue
                          Suite 1200
                          Minneapolis, MN  55401
                          Telephone:  (612) 338-8788
                          Fax:  (612) 338-8690

                          ATTORNEYS FOR PLAINTIFFS