**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Teng Moua, Juan Martinez, Cheri Martinez, Kua
Vang Xiong, Maiku Thao, Cherpao Yang, Bee
Vang, Vang Pao Moua, Mailou Xiong Yang,
Vangxue Yang, Eng Thao, Choua Moua, Meshack
Balira, Ferdinand Nyambarya, VMS Inc., Richard
Chang, Lee Wong Chang, Khonekham Dejvongsa,
Nouphet Dejvongsa, Diego Cortez Dominguez,
Mohamud Egal, Mohamed Osable, Hussein Osable,
Ifran Jimale, Layla Jimale, Mohamed Jimale, Paul
Bel George, Chue Hang, Tong Thao Hang, Rexhep
Krasniqi, Tou Lor, Mai Moua Vue, Arif Metushi,
Wa Her Moua, Mee Yang, John Schroeder, Judy
Schroeder, Berhane Tesfai, Dual Cykao Thao,
Xong Thao Yang, Kou Thao, Yang Xiong, Kevin
Vilavong, Chong Xiong, Ko S. Xiong, Blia Yang,
Ying Cheng, Chang Yang, Choua Lor, Mai Blia
Yang, Pang Yang, Lue Her, for themselves and all
other persons similarly situated as franchisees of
Jani-King of Minnesota, Inc. and Jani-King
International, Inc.,

        Plaintiffs,               **MEMORANDUM OPINION**
                                             **AND ORDER**
   v.                             Civil No. 08-4942 ADM/TLN

Jani-King of Minnesota, Inc., a Texas Corporation,
Jani-King International, Inc., a Texas Corporation,
George Selman, a Minnesota resident, and Steve
Schmidt, a Minnesota resident,

        Defendants.

---

Michael W. Haag, Esq., Thomas W. Pahl, Esq., Jamie L. Habeck, Esq., and Christopher C.
Grecian, Esq., Foley & Mansfield, PLLP, Minneapolis, MN, on behalf of Plaintiffs Cherpao
Yang, Diego Cortez Dominguez, and Paul Bel George.

Kerry L. Bundy, Esq., Aaron D. Van Oort, Esq., William L. Killion, Esq., Christopher J.L.
Diedrich, Esq., Eileen M. Hunter, Esq., and Myriam Pierre Warren, Esq., Faegre & Benson,
LLP, Minneapolis, MN, on behalf of Defendants.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendants Jani-King of Minnesota, Inc.'s, Jani-King International, Inc.'s (collectively "Jani-King"), and George Selman's ("Selman") Motion for Summary Judgment [Docket No. 148] on the fraud claim of Plaintiff Paul Bel George ("George").  A prior Order dated August 30, 2011 [Docket No. 169], dismissed with prejudice all claims asserted by George except fraud and vicarious liability, which remained under advisement.  The Court found confusion regarding what evidence was of record relating to George's fraud claim, and allowed the parties to supplement the record with specified documents.  The record has now been supplemented, and for the reasons set forth below, summary judgment is granted to Defendants on George's fraud and vicarious liability claims.

## II. BACKGROUND[1]

The facts of this dispute were set forth at length in the Court's prior Order and will not be repeated here, but rather are incorporated by reference.  The germane facts with respect to George's remaining fraud claim are as follows.  On May 13, 2002, George met with Jani-King employee Sue Swenson ("Swenson").  May 2, 2011 Hunter Decl. [Docket No. 152] Ex. 21 ("George Dep.") 48:8-49:6.  George testified that at this meeting he was given a "black book."  George Dep. 67:15-24.  He also signed a form stating that he had received a Uniform Franchise Offering Circular ("UFOC") dated May 21, 2001,[2] but stated that he did not remember if the

---

[1] On a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party.  <u>Ludwig v. Anderson</u>, 54 F.3d 465, 470 (8th Cir. 1995).

[2] The August 30, 2011 Order mistakenly refers to a copy of the UFOC dated May 21, 2002.  In fact, George's deposition testimony makes clear that the date on this UFOC was May 21, *2001*.  George Dep. 59:4-7.

statement was true or not at the time he signed it. George Dep. 59:4-64:10. The UFOC is a lengthy document that is required to be given to franchisees under Minnesota law. For several years, Jani-King bound copies of the UFOC in the form of a black book. May 2, 2011 Selman Decl. [Docket No. 151] ¶ 7. Nonetheless, George denies having received the May 21, 2001 UFOC. George Dep. 65:6-9.

George subsequently met again with Swenson on June 4, 2002. See George Dep. 74:12-19. He again signed an acknowledgment of having received a UFOC, this copy of the UFOC is dated May 28, 2002. George Dep. 74:12-75:3. Further, when George purchased his Jani-King franchise in December 2002, he signed a declaration that he had received the UFOC on June 4, 2002. June 30, 2011 Diedrich Decl. [Docket No. 160] Ex. 7. George also denies ever having received the May 28, 2002 UFOC. See George Dep. 75:8-13. However, in the course of this litigation, he produced the top two pages of a UFOC dated May 28, 2002. Corrected Ex. 6 to Diedrich Decl. [Docket No. 162].

This action was originally filed as a class action, but class certification was denied. The Plaintiffs then proceeded jointly through discovery on their individual claims. Each Plaintiff asserted claims under the Minnesota Franchise Act, Minn. Stat. §§ 80C.01-30, and under the Minnesota False Statement in Advertisement Act, Minn. Stat. § 325F.67, as well as claims for fraud, breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, quantum meruit, and vicarious liability. Each of George's claims, except for fraud and vicarious liability, have been dismissed. Aug. 30, 2011 Order at 38. Each theory of George's fraud claim was also considered and rejected with the exception of fraud by omission premised on the failure to disclose the calculation of what is referred to here as Jani-King's Initial Business Obligation ("IBO"). Id. at 30-34. The Court allowed a limited supplementation

3

of the record, having found it to be unclear as it related to disclosures made regarding the IBO. Jani-King responded with a supplemental declaration consisting of a three page affidavit and an exhibit, the UFOC dated May 28, 2002.

### III.  DISCUSSION

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall issue "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citing Fed. R. Civ. P. 56(c));[3] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986) (same); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (same).  On a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party.  Ludwig, 54 F.3d at 470.  The nonmoving party may not "rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial."  Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995).

The IBO is an obligation of Jani-King to *offer* its franchisees the right to service client accounts.  Because Jani-King's only obligation is to offer accounts, if it offers an account and the franchisee declines that account, Jani-King will count the billings of that account against the IBO amount.  George avers he was defrauded by Jani-King's not disclosing that declined offers would count against his IBO.  Jani-King counters that fact was disclosed in the May 28, 2002 UFOC.

The May 28, 2002 UFOC states in relevant part "All accounts offered will apply toward

---

[3] Federal Rule of Civil Procedure 56 was amended effective December 1, 2010; the summary judgment standard was previously located in Rule 56(c).

the minimum amount of business as specified in your Franchise Agreement [referred to in this Order as the IBO], *whether or not the offered business is accepted or declined by you*." Sep. 1, 2011 Suppl. Diedrich Decl. [Docket No. 170] Ex. 1 at JK Moua 000916 (emphasis added). This is an unambiguous disclosure. Therefore, whether or not Jani-King is entitled to summary judgment turns entirely on whether or not George received the May 28, 2002 UFOC prior to becoming a franchisee.

No genuine issue of material fact exists–the evidence of record is that George did receive the May 28, 2002 UFOC. "A factual dispute is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Churchill Business Credit, Inc. v. Pac. Mut. Door Co., 49 F.3d 1334, 1336 (8th Cir. 1995) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). Here, no reasonable jury could find that George did not receive the May 28, 2002 UFOC. The facts are: (1) he admits receiving a "black book," (2) the May 28, 2002 UFOC was bound as a black book, (3) he signed a written acknowledgment of having received the May 28, 2002 UFOC, and most significantly (4) he produced the first two pages of the May 28, 2002 UFOC in the course of this litigation. Further, George has not produced the "black book" or explained why he was able to produce the first two pages of the May 28, 2002 UFOC without having received it. George has also not presented any evidence, beyond mere allegations, that Jani-King would have franchisees acknowledge receipt of the UFOC without actually having received it. Therefore, no *genuine* issue of material fact exists, George received the May 28, 2002 UFOC and the calculation of the IBO was disclosed to him in that document. Jani-King is entitled to summary judgment in its favor.

Finally, because George's fraud claim is now dismissed, no underlying claim exists from

which to find vicarious liability, and Jani-King is entitled to summary judgment on that claim as well.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion for Summary Judgment [Docket No. 148] is **GRANTED** as to Plaintiff George's fraud and vicarious liability claims; and

2. Plaintiff Paul Bel George's claims for fraud (Count IV) and vicarious liability (Count IX) are **DISMISSED WITH PREJUDICE**.

BY THE COURT:


    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  September 12, 2011.